## COMMONWEALTH *vs.* LOUIS CINTOLO.

Middlesex. May 3, 1993. - May 28, 1993.

Present: LIACOS. C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Labor*, Wages. *Corporation*, Officers and agents. *Practice, Criminal*, Dismissal.

The president of a corporate employer was not a "person having employees" for purposes of G. L. c. 149, § 150C, which provides criminal penalties for an employer's failure to procure or keep in force insurance coverage when employee wages are withheld for that purpose, and a complaint under that statute was correctly dismissed. [359]

COMPLAINT received and sworn to in the Framingham Division of the District Court Department on June 26, 1991.

On transfer to the jury session of that division, the case was heard by *Robert V. Greco*, J., on a motion to dismiss.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Robert N. Sikellis*, Assistant Attorney General, for the Commonwealth.

*George R. Desmond* for the defendant.

NOLAN, J. We affirm the order dismissing the complaint as to the defendant for reasons hereinafter set forth. We assume, without deciding, that the Commonwealth's appeal was timely filed. The defendant was the president of C & M Electric, Inc. (C & M), a Massachusetts corporation, for which one Jeffrey A. Taylor worked. Taylor sought process by criminal complaint against C & M and the defendant for violation of G. L. c. 149, § 150C (1990 ed.), which provides criminal penalties against "[a]ny person having employees . . . who withholds or deducts wages from employees for the purpose of purchasing or contributing toward the purchase of a blanket or general policy of insurance . . . and who fails to

purchase such coverage or keep such coverage in force . . . ."
Possible punishment for violation includes imprisonment for
not more than six months or a fine of not more than $1,000.
*Id.* C & M has filed for protection in bankruptcy.

The narrow issue is whether the defendant was the "em-
ployer" of Taylor within the meaning of § 150C. The motion
judge concluded that the defendant, as a corporate officer,
was not Taylor's employer. We agree.

It was open to the Legislature in G. L. c. 149, § 150C, to
render corporate officers criminally liable as it has done in
G. L. c. 149, § 148 (1990 ed.), which deals with the pay-
ment of wages. The Legislature did not make corporate of-
ficers liable under § 150C. Criminal statutes are to be con-
strued strictly. *Commonwealth* v. *Marrone*, 387 Mass. 702,
706 (1982), and cases cited. It has been said that "[t]he
words of a criminal statute must be such as to leave no rea-
sonable doubt as to its meaning or the intention of the legis-
lature." *Id.* at 706, quoting 3 C. Sands, Sutherland Statutory
Construction § 59.04, at 13 (4th ed. 1974).

The Commonwealth argues that there should have been an
evidentiary hearing. We do not agree. The Commonwealth
concedes that the only issue is whether the language of the
statute should be interpreted to include corporate officers as
employers. Statutory interpretation is a pure question of law.
Therefore, an evidentiary hearing on this issue would have
been inappropriate because, "where it is clear by reason of
established facts and established law that the defendant can-
not be convicted, the Commonwealth and the defendant
should not be put to the trouble and expense of a trial."
*Commonwealth* v. *Hare*, 361 Mass. 263, 269 (1972). We are
not unmindful of the procedure set forth in *Commonwealth*
v. *Brandano*, 359 Mass. 332, 337 (1971), but in the present
case such procedure is not required, since a reading of the
statute itself compels the conclusion as a matter of law. We
hold as a matter of law that the defendant, as the corporate
president, was not the "person having employees," within the
language of G. L. c. 149, § 150C.

*Order affirmed.*