COMMONWEALTH *vs.* JAMES T. RICHARDS.

Norfolk. January 8, 1998. - February 12, 1998.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Statute*, Construction. *Telephone. Words*, "Telephone," "Facsimile."

This court concluded that G. L. c. 269, § 14A, which prohibits telephoning for the purpose of harassing, annoying, or molesting another, does not apply to allegedly annoying facsimile transmissions sent over telephone lines, and a complaint under that statute was correctly dismissed as a matter of law without an evidentiary hearing. [690-691]

COMPLAINT received and sworn to in the Dedham Division of the District Court Court Department on May 7, 1996.

The case was heard by *Gordon A. Martin, Jr.*, J., on a motion to dismiss.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Brett J. Harpster*, Assistant District Attorney, for the Commonwealth.

*Margaret Wermer* for the defendant.

ABRAMS, J. The defendant, James T. Richards, sent a series of allegedly annoying facsimile transmissions from his home in Attleboro to the WCVB TV Newscenter 5 in Needham. For this conduct, he was charged with making annoying telephone calls in violation of G. L. c. 269, § 14A.[1] The defendant filed a mo-

---

[1]General Laws c. 269, § 14A, provides:

"Whoever telephones another person, or causes any person to be telephoned, repeatedly, for the sole purpose of harassing, annoying or molesting such person or his family, whether or not conversation ensues, or whoever telephones a person repeatedly, and uses indecent or obscene language to such person, shall be punished by a fine of not more than five hundred dollars or by imprisonment for not more than three months, or both."

tion to dismiss. A judge in the Dedham Division of the District Court Department allowed the motion. See Mass. R. Crim. P. 13 (c) (2), 378 Mass. 871 (1979). The Commonwealth appealed. We transferred the case to this court on our own motion. We conclude that the statute does not apply to the sending of allegedly annoying facsimile transmissions. We affirm the dismissal of the complaint.

The Commonwealth argues that because facsimile machines communicate over telephone lines and employ some of the same features as telephones, they are simply telephones that transmit documents. Accordingly, the Commonwealth contends, to send an annoying facsimile transmission to someone is to "telephone[] another person," within the meaning of G. L. c. 269, § 14A. The defendant argues that the statute's plain terms refer to ordinary telephone calls and not to other forms of communication. We agree with the defendant.

A criminal statute must "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited." *Commonwealth* v. *Triplett, ante* 26, 29 (1997), quoting *Commonwealth* v. *Twitchell*, 416 Mass. 114, 123 (1993). Therefore, criminal statutes are strictly construed against the government. *Commonwealth* v. *Wotan*, 422 Mass. 740, 742 (1996), and cases cited. However, we do not reject "an available and sensible interpretation . . . in favor of a fanciful or perverse one." *Id.* at 743, quoting *Commonwealth* v. *Roucoulet*, 413 Mass. 647, 652 (1992).

Although a person certainly might repeatedly send facsimile transmissions for the sole purpose of harassing, annoying, or molesting the recipient, that alone does not bring such conduct within the ambit of G. L. c. 269, § 14A, which prohibits "telephon[ing]" for this purpose.

We note that in the statute, the word "telephone" is used as a verb, not as a noun. To "telephone" is to place a telephone call that might result in an oral communication, even if the caller hangs up on the recipient answering the call and even if the caller only leaves a message on an answering machine. An ordinary person reading § 14A would understand it to apply to telephone calls for the type of communication described above and not to other forms of communication such as facsimile transmissions, even if they do involve telephone lines or similar features.

Comparison of § 14A with other statutes also reveals that it

does not extend to facsimile transmissions. The Legislature has shown that it knows how to specify a form of communication when it wishes to do so. See, e.g., G. L. c. 3, § 39 ("facsimile transmission"); G. L. c. 265, § 25 ("verbally or by written or printed communication"); G. L. c. 272, § 99 B 1 (defining "wire communication").

General Laws c. 269, § 14A, was inserted by St. 1964, c. 668, and was most recently rewritten in 1978, as appearing in St. 1978, c. 379, § 3, before facsimile machines were in widespread use. At no time has the Legislature seen fit to amend § 14A to include any form of communication other than telephoning, although newer forms of communication now exist. We cannot infer that the Legislature intended § 14A to apply to communications technologies to be developed after the time of enactment or amendment.[2] We conclude that, as a matter of law, G. L. c. 269, § 14A, does not apply to sending annoying facsimile transmissions over telephone lines. Any change in the statute is for the Legislature, not the courts.

The Commonwealth also raises a procedural objection. It argues that the motion judge should have held an evidentiary hearing to determine whether sufficient evidence existed to support the complaint. The basis for this dismissal, however, is not a lack of evidence[3] but the inapplicability of the statute to the complained-of conduct. Statutory interpretation is a pure issue of law on which a court may pass without an evidentiary hearing. See *Commonwealth* v. *Cintolo*, 415 Mass. 358, 359 (1993). In this case, as in *Cintolo*, "the statute itself compels the conclusion as a matter of law." *Id.* The motion judge properly dismissed the complaint.

*Order affirmed.*

---

[2]In contrast to G. L. c. 269, § 14A, similar statutes in other States prohibit either annoying facsimile transmissions specifically, see, e.g., Conn. Gen. Stat. Ann. § 53a-183 (a) (2) (West Supp. 1997); R.I. Gen. Laws § 11-35-17 (1994), or annoying communication generally, see, e.g., 18 Pa. Cons. Stat. Ann. § 5504(a)(2) (West 1983).

[3]In his order, the motion judge commented that "the evidence might well not be sufficient to support a conclusion that Richards' sole purpose was to harass, annoy or molest." This was not a basis for his decision, however, as he expressly noted that it was unnecessary for him to reach that issue.