COMMONWEALTH *vs.* WILLIAM P. YOUNGWORTH.

No. 97-P-2186.

Norfolk. September 2, 1998. - November 23, 1999.

Present: KASS, FLANNERY, & RAPOZA, JJ.[1]

*Habitual Offender. Practice, Criminal,* Indictment, Dismissal, Grand jury proceedings. *Probable Cause. Grand Jury.*

Evidence presented to a grand jury established probable cause to conclude that the defendant had been twice convicted of crimes and imprisoned on each on sentences of not less than three years, and thus the ensuing indictment alleging the defendant was a habitual criminal in violation of G. L. c. 279, § 25, should not have been dismissed for asserted insufficiency of evidence before the grand jury. [250-253]

INDICTMENT found and returned in the Superior Court Department on March 27, 1996.

A motion to dismiss was heard by *Isaac Borenstein,* J.

*Varsha Kukafka,* Assistant District Attorney, for the Commonwealth.

*Martin K. Leppo* for the defendant.

RAPOZA, J. On March 27, 1996, a Norfolk County grand jury returned three indictments against the defendant charging him with receiving a stolen motor vehicle, G. L. c. 266, § 28, unlawful possession of ammunition, G. L. c. 269, § 10(*h*), and being a habitual criminal in violation of G. L. c. 279, § 25.[2] On October 1, 1997, the defendant was convicted of receiving a

---

[1]This case was argued before Justices Kass, Flannery, and Rapoza. Following the death of Justice Flannery, Justice Armstrong was added to the panel and participated in this decision.

[2]General Laws c. 279, § 25, provides: "Whoever has been twice convicted of crime and sentenced and committed to prison in this or another state, or once in this and once or more in another state, for terms of not less than three years each, and does not show that he has been pardoned for either crime on the ground that he was innocent, shall, upon conviction of a felony, be considered an habitual criminal and be punished by imprisonment in the state

stolen motor vehicle and acquitted of unlawful possession of ammunition. Thereafter, the defendant filed a motion to dismiss the still untried indictment charging him with being a habitual offender. The motion was based on insufficiency of evidence before the grand jury. See *Commonwealth* v. *McCarthy*, 385 Mass. 160, 161-164 (1982). The motion was allowed and the Commonwealth appeals.

The sole issue before this court is whether the evidence presented to the grand jury established probable cause to conclude that the defendant was a habitual offender, that is whether the defendant previously had been committed to prison for terms of not less than three years on two or more prior offenses.

The defendant claims that the evidence presented to the grand jury was insufficient to prove that he had been committed to prison on two or more prior offenses.[3] The Commonwealth contends that the evidence presented to the grand jury was sufficient to prove that the defendant had been previously incarcerated on at least two prior offenses. We agree and reverse.

The relevant standard for analyzing the defendant's claim is whether the indictment is "supported by evidence sufficient to establish probable cause to arrest." *Commonwealth* v. *O'Dell*, 392 Mass. 445, 450-452 (1984). *Commonwealth* v. *Botto*, 19 Mass. App. Ct. 938 (1985). The Commonwealth must have presented "reasonably trustworthy information . . . sufficient to warrant a prudent [person] in believing that the defendant had committed . . . an offense." *Commonwealth* v. *O'Dell*, 392 Mass. at 450, quoting from *Commonwealth* v. *Stevens*, 364 Mass. 24, 26 (1972). *Commonwealth* v. *DeCologero*, 19 Mass. App. Ct. 956, 957 (1985).

At issue here is the habitual offender statute, G. L. c. 279, § 25, which requires the Commonwealth to prove, with regard to each prior offense, not just the imposition of a sentence of three years or greater in prison, but imprisonment as well. *Commonwealth* v. *Hall*, 397 Mass. 466, 468 (1986). *Commonwealth* v. *Allen*, 22 Mass. App. Ct. 413, 424 (1986).

---

prison for the maximum term provided by law as a penalty for the felony for which he is then to be sentenced."

[3]The parties do not dispute the lower court's finding that the evidence before the grand jury established probable cause to conclude not only that the defendant was convicted on at least two prior occasions but also that he was given sentences of three years or more on each prior offense.

The prior offenses at issue are a Massachusetts conviction for armed robbery, G. L. c. 265, § 17, and Federal convictions for violating the terms of release and carrying a firearm while on release. We examine whether there was probable cause for the grand jury to conclude that the defendant had been incarcerated on two or more of the prior offenses.

"In dealing with probable cause . . . we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent [people], not legal technicians, act." *Commonwealth* v. *Hason*, 387 Mass. 169, 174 (1982), quoting from *Brinegar* v. *United States*, 338 U.S. 160, 175 (1949).

With regard to the conviction in a Massachusetts court, the grand jury was provided with a copy of the indictment upon which a number of notations had been made, including the following:

> "Sentence — Massachusetts Correctional Institution, Concord for a term of thirteen years. This sentence is deemed to have been commenced on _____ [left blank in original], the defendant having been in confinement 102 days. Mitts issued."

The language quoted above establishes that the defendant was sentenced to a term of thirteen years at MCI, Concord, he was credited with the 102 days he had already served while awaiting trial, and "[m]itts" were issued by the court. "Mitts" refers to the mittimus, a precept in writing issued by a court or magistrate, and directed to the sheriff or other officer, commanding him to convey to prison the person named therein, and to the jailer, commanding him to receive and safely keep such person until he shall be delivered by due course of law. See *Commonwealth* v. *Barriere*, 46 Mass. App. Ct. 286, 289 (1999); Black's Law Dictionary 1018 (7th ed. 1999).

These facts, taken as a whole, provide significant support for the conclusion that the defendant was committed to a correctional institution by the State court. While the defendant argues that the information provided to the grand jury does not provide any affirmative evidence that the defendant was actually incarcerated, the information recorded on the indictment and provided to the grand jury in the form of an exhibit was sufficient to warrant the inference that the defendant was

imprisoned and served time on the sentence. There was probable cause for the grand jury to conclude that the defendant had been committed on the State court sentence.

Turning to the Federal court convictions, the grand jury were provided with a copy of a Federal court "judgment and probation/commitment order" prepared in the name of the defendant. That document stated that the defendant had been convicted on one count of violating the terms of his release, as well as on a second count of carrying a firearm while on release. The exhibit indicated that the defendant was sentenced to "six years['] imprisonment" on the first count and "three years['] imprisonment" on the second, the second sentence to run consecutively with the first sentence. The document further noted that "[t]he Court recommends that the defendant be placed in a Federal Correctional Institute in the New England area."

The Federal court document, which was submitted as an exhibit to the grand jury, provides strong evidence that the defendant was committed on the sentences imposed. He was sentenced to terms of six and three years, and the entry on the document describes the sentences as terms of "imprisonment." By its very nature the word "imprisonment" implies commitment to a penal institution. Moreover, the document contained an explicit recommendation as to the geographical region where the defendant was to serve his sentence. Clearly, there was an expectation that the defendant was to be incarcerated, and the evidence supports a reasonable inference that he was committed on the Federal sentences.

"Probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction." *Commonwealth* v. *O'Dell*, 392 Mass. at 451, quoting from Smith, Criminal Practice and Procedure § 104 (2d ed. 1983). There is a significant "difference between what is required to prove guilt in a criminal case and what is required to show probable cause." *Brinegar* v. *United States*, 338 U.S. at 173. Based upon the foregoing, the grand jury were presented with "reasonably trustworthy information" which was sufficient to establish probable cause to conclude that the defendant had been committed to prison for terms of not less than three years on two or more prior offenses. *Commonwealth*

v. *DeCologero*, 19 Mass. App. Ct. at 958. See *Commonwealth* v. *Francil*, 15 Mass. App. Ct. 35, 37 (1982).

*Order allowing motion to dismiss indictment reversed.*