WILLIAM P. YOUNGWORTH, THIRD *vs.* COMMONWEALTH.

Suffolk. February 4, 2002. - April 26, 2002.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Habitual Offender. Statute,* Construction.

Where a criminal defendant had not yet been convicted under G. L. c. 279, § 25, the habitual criminal statute, and now attacked the Commonwealth's ability to prove an essential element of the offense on a ground not previously addressed, this court considered the merits of the question presented. [610-611]

A single justice of this court did not err in concluding that a habitual criminal indictment under G. L. c. 279, § 25, which required proof of two prior convictions "in this or another state," must be dismissed, where the indictment in this case rested on one conviction in a State court and one conviction in a Federal court, and where the statute made no mention of Federal convictions or sentences, or incarceration in Federal prisons. [611-613]

PETITION filed in the Supreme Judicial Court for the county of Suffolk on September 11, 2000.

The case was heard by *Abrams,* J.

*James A. Reidy,* Assistant District Attorney (*Brian A. Wilson,* Assistant District Attorney, with him) for the Commonwealth.

*Lisa Siegel Belanger* for the plaintiff.

MARSHALL, C.J. General Laws c. 279, § 25, the habitual criminal statute, sets forth the elements required to trigger the imposition of the maximum statutory sentence for the felony on which a defendant is to be sentenced.[1] We are asked to determine the validity of a habitual criminal indictment under

---

[1]General Laws c. 279, § 25, provides: "Whoever has been twice convicted of crime and sentenced and committed to prison in this or another state, or once in this and once or more in another state, for terms of not less than three years each, and does not show that he has been pardoned for either crime on the ground that he was innocent, shall, upon conviction of a felony, be considered an habitual criminal and punished by imprisonment in the state prison for the maximum term provided by law as a penalty for the felony for which he is then to be sentenced."

the statute — which requires proof of two prior convictions "in this or another state" — where the indictment rested on one conviction in a State court and one conviction in a Federal court. A single justice of this court concluded that, because a conviction in a Federal court is not a conviction "in this or another state," the indictment must be dismissed. The Commonwealth appealed. We now affirm.

In March, 1996, a grand jury returned three indictments against William P. Youngworth, III (defendant), charging him with receiving a stolen motor vehicle, G. L. c. 266, § 28; unlawful possession of ammunition, G. L. c. 269, § 10 (*h*); and being a habitual criminal in violation of G. L. c. 279, § 25. The habitual criminal indictment was based on a prior State conviction in Massachusetts for armed robbery, and a prior Federal conviction in North Carolina for failure to appear before a court. Following a jury trial on the first two indictments, the defendant was convicted of receiving a stolen motor vehicle and acquitted of unlawful possession of ammunition. He then filed a motion to dismiss the still untried habitual offender indictment, based on insufficiency of the evidence before the grand jury of his actual incarceration for the two prior convictions, one of the statutory elements. See G. L. c. 279, § 25 ("Whoever has been twice . . . committed to prison in this or another state. . . for terms of not less than three years each . . ."). A Superior Court judge, who was not the trial judge, allowed the motion on that ground, *Commonwealth* v. *Youngworth*, 48 Mass. App. Ct. 249, 250 (1999), and the Commonwealth appealed. During the pendency of the appeal, the Commonwealth requested a stay of sentencing on the receipt of a stolen motor vehicle conviction. The trial judge denied the Commonwealth's request and sentenced the defendant to from two to three years at the Massachusetts Correctional Institution at Cedar Junction.[2]

The Appeals Court reversed the dismissal of the habitual

---

[2]After its request for a stay of sentencing was denied but before sentencing, the Commonwealth requested a sentence of from fourteen to fifteen years on the conviction of receiving a stolen motor vehicle conviction. Had the defendant been adjudged a habitual criminal, he would have received a mandatory sentence of the maximum penalty on the underlying offense — fifteen years. G. L. c. 266, § 28 (*a*).

criminal indictment, holding that the evidence was "sufficient to establish probable cause to conclude that the defendant had been committed to prison for terms of not less than three years on two or more prior offenses." *Commonwealth* v. *Youngworth*, 48 Mass. App. Ct. 249, 252 (1999). This was the "sole issue," *id.* at 250, considered by the Appeals Court; the court did not address the question, not yet raised by the defendant, whether a Federal conviction and incarceration may support an indictment under the statute. We denied the defendant's petition for further appellate review. *Commonwealth* v. *Youngworth*, 432 Mass. 1102 (2000).

The defendant then filed a second motion to dismiss the habitual criminal indictment, this time on the ground that the statute requires two "state" convictions, and that a conviction in a Federal court will not suffice.[3] After a hearing, a Superior Court judge denied the motion, holding, inter alia,[4] that the defendant had waived this claim when he failed to raise it in his first motion to dismiss. The defendant filed a petition for relief pursuant to G. L. c. 211, § 3, arguing, inter alia, that the habitual criminal statute cannot be satisfied by a conviction in a Federal court.[5] The single justice agreed, and on that ground remanded the case to the Superior Court for entry of a judgment dismissing the indictment.

As a threshold matter, we comment on the Commonwealth's

---

[3]The defendant also argued that, to apply the habitual criminal statute after sentencing for the underlying offense, would violate double jeopardy principles and G. L. c. 278, § 11A, which provides: "If a defendant pleads guilty or if there is a verdict . . . after trial, *then before sentence is imposed*, the defendant shall be further inquired of for a plea of guilty or not guilty to that portion of the . . . indictment alleging that the crime charged is a second or subsequent offense . . . ." (emphasis added).

[4]The judge rejected the defendant's G. L. c. 278, § 11A, argument because the delay in the proceedings was not the fault of the prosecutor; she held that to bar the Commonwealth from trying the indictment would interfere with the prosecutor's duties under art. 30 of the Massachusetts Declaration of Rights. She declined to address the double jeopardy argument, but noted that the doctrine was in any event not triggered because jeopardy had not yet attached on the habitual criminal indictment.

[5]The defendant also argued before the single justice — as he does here — that G. L. c. 278, § 11A, and double jeopardy principles bar his trial on the habitual criminal indictment. Because we conclude that the defendant prevails on other grounds, we do not reach these claims.

contention, raised here for the first time, that the doctrine of "claim preclusion" bars the defendant from obtaining relief. By earlier challenging the sufficiency of the evidence to support the indictment in one regard, the Commonwealth argues, the defendant foreclosed any subsequent opportunity to argue other potential evidentiary insufficiencies, i.e., to make the same legal claim on different grounds.

Stripped of its civil practice trappings, the Commonwealth's argument is one of waiver, an argument summarily rejected by the single justice. Her ruling was correct. The defendant is protected from conviction except on proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged. *In re Winship*, 397 U.S. 358, 364 (1970). The defendant has not yet been convicted under the habitual criminal statute, and he attacks the ability of the Commonwealth to prove an essential element of the offense on a ground not previously addressed. We consider the merits of the question presented.

We will not reverse an order of a single justice in a proceeding brought pursuant to G. L. c. 211, § 3, absent an abuse of discretion or other clear error of law. Thus, we review independently the single justice's legal rulings to determine whether it is erroneous. See *Boston Herald, Inc.* v. *Sharpe*, 432 Mass. 593, 602-603 (2000). There was no error.

In considering whether the phrase "in this or another state" in the habitual criminal statute encompasses Federal convictions and incarcerations, we are bound by two fundamental principles of statutory construction: (1) criminal statutes are strictly construed against the Commonwealth, and (2) any plausible ambiguity must be resolved in favor of the defendant. *Commonwealth* v. *Wotan*, 422 Mass. 740, 742 (1996), and cases cited. The statute makes no mention of Federal convictions, sentences, or incarceration in Federal prisons. It specifies only that the required convictions and incarcerations must be "in this or another state." This language is, at a minimum, ambiguous as to the question by whom the defendant must have been

convicted and incarcerated.[6] The Commonwealth argues that the term "in" merely connotes geographic location, not jurisdiction, and, because the Federal court that convicted him and the Federal prison he was sentenced to are physically located "in . . . another state," that conviction and sentence may be used to form the predicate for an habitual criminal conviction. The Commonwealth also urges us to resolve the ambiguity of the statute by reference to its history and purpose. However, dictates of criminal law require resolution of any ambiguity in favor of the defendant. See *Commonwealth* v. *Maxim*, 429 Mass. 287, 291-292 (1999).

In any event, as the single justice pointed out, there is nothing in the legislative history or our prior cases to indicate that the Legislature contemplated the use of Federal convictions to support indictments under the statute. See, e.g., *Commonwealth* v. *Richardson*, 175 Mass. 202 (1900) (summarizing history of habitual criminal statute with no reference to Federal convictions). The infancy of Federal criminal law in 1904, when the statute was last amended, St. 1904, c. 303, suggests that the Legislature most likely did not give any consideration to the use of Federal convictions. See L. Friedman, Crime and Punishment in American History 262 (1993)("[T]he federal contribution [to criminal justice in the Nineteenth Century] was a drop in the bucket"). See also Brickey, Criminal Mischief: The Federalization of American Criminal Law, 46 Hastings L.J. 1135, 1138-1142, 1147 (1995). If there was a failure by the Legislature to draft a statute to include Federal convictions (and there is nothing to suggest that the statute does not fully reflect what the Legislature intended), the remedy lies with the

---

[6]The Legislature has made its intent to rely on Federal convictions express in other similar laws. For example, the statute prohibiting the manufacture of or trafficking in Class B controlled substances provides increased penalties for repeat offenders: "Any person convicted of violating this section after *one or more prior convictions . . . under this or any other prior law of this jurisdiction or of any other jurisdiction, federal, state, or territorial*, which . . . includes the elements of said offense shall be punished . . ." (emphasis added). G. L. c. 94C, § 32A (*b*). See *Commonwealth* v. *Brown*, 431 Mass. 772, 775 (2000) ("If the Legislature had intended the result the defendant suggests, it presumably would have provided for it with some clarity").

Legislature, not the courts. *Commonwealth* v. *Richards*, 426 Mass. 689, 691 (1998).

*Order allowing motion to dis-
miss indictment affirmed.*