Agnes, A.J.
The defendant, Anthony Gouveia, has filed a motion to dismiss so much of an indictment as charges him with being an Habitual Criminal in violation of G.L.c. 279, §25. This statute provides that “(wjhoever has been twice convicted of a crime and sentenced and committed to prison in this or another state, or once in this and once or more in another state, for terms of not less than three years each, and does not show that he has been pardoned for either crime on the ground that he was innocent, shall upon conviction of a felony, be considered a habitual criminal and be punished by imprisonment in the state prison for the maximum term provided by law as a penalty for which he is then to be sentenced.”
BACKGROUND
On February 14,2003, the Worcester County Grand Jury, having previously heard evidence of the defendant’s alleged involvement in several bank robberies, heard additional evidence relating to the defendant’s prior criminal history. Grand Jury Minutes, February 14, 2003 at 3 (hereafter “Tr.’j. Worcester Police Detective Thomas Hastings testified that on June 2, 1980, the defendant was convicted of armed robbery following his indictment by the Bristol County Grand Jury (No. 4353) and sentenced to the Massachusetts Correctional Institution Concord for a term of fifteen years (to be served concurrently with the sentence imposed on Bristol County Indictment No. 5611) with credit given for 300 days of said sentence. *811 Tr. 4. Detective Hastings testified further that on June 2, 1980, the defendant was convicted of another armed robbery following his indictment by the Bristol County Grand Jury (No. 4919) and sentenced to the Massachusetts Correctional Institution Concord for a term of fifteen years (to be served concurrently with the sentence imposed on Bristol County Indictment No. 5611) with credit given for 300 days of said sentence. Tr. 5. Finally, Detective Hastings testified that on December 22, 1981, the defendant was convicted of a third offense of unarmed robbery following his indictment by the Bristol County Grand Jury (No. 8973) and sentenced to the Massachusetts Correctional Institution Walpole' for a term of not more than five years nor less than three years with credit given for 4 days of said sentence. Tr. 6.
DISCUSSION
1. Standard of review.
“Generally a court will not inquire into the competency or sufficiency of the evidence before the grand jury.” Commonwealth v. Coonan, 428 Mass. 823, 825 (1999). An indictment may be based entirely on hearsay, Commonwealth v. St. Pierre, 377 Mass. 650, 654-55, (1979), at least so long as the hearsay is reasonably reliable. Id. at 656. In Commonwealth v. McCarthy, 385 Mass. 160 (1982), the Supreme Judicial Court recognized a narrow exception to that general rule by acknowledging that “at the very least the grand jury must hear sufficient evidence to establish the identity of the accused, and probable cause to arrest him. A grand jury finding of probable cause is necessary if indictments are to fulfil their traditional function as an effective protection ‘against unfounded criminal prosecutions.’ ” Id. at 163 (quotation omitted). Probable cause is based on “reasonably trustworthy information . . . sufficient to warrant a prudent man in believing that the defendant had committed ... an offense.” Commonwealth v. O’Dell, 392 Mass. 445, 450 (1984), quoting Commonwealth v. Stevens, 362 Mass. 24, 26 (1972). However, an indictment is not to be dismissed merely because “the evidence probably would not have been sufficient to overcome a motion for a required finding of not guilty at a trial.” Commonwealth v. O’Dell, supra at 450.[1]
2. Whether a Sentence to the Concord Reformatory Constitutes a Sentence to “Prison”
The defendant maintains that the Grand Jury which returned the indictment heard no evidence that he had been “sentenced and committed to prison” on two prior occasions as required by G.L.c. 279, §25 because the fifteen-year Concord Reformatory sentences imposed on Bristol County Indictments 4919 and 4353 do not constitute sentences to “prison” within the meaning of G.L.c. 279, §25. The defendant relies on Commonwealth v. Dupree, 16 Mass.App.Ct. 600, 605 (1983), where in determining that G.L.c. 94C, §32A(a), added by St. 1980, c. 436, §4, did not require the imposition of a sentence to state prison, the Appeals Court observed that an indefinite sentence to M.C.I. Concord under G.L.c. 279, §31, repealed by St. 1993, c. 432, § 18, was not a sentence to “State prison” because “[o]nly Massachusetts Correctional Institution, Walpole (M.C.I. Walpole) is a state prison sentence. G.L.c. 125, § 1 (o).” However, while that proposition is true, it does not answer the question.
In G.L.c. 279, §25, the Legislature did not provide that a defendant must have previously been sentenced to “state prison” to qualify for indictment as an habitual offender. Rather, the Legislature provided that four conditions must be met: (1) the defendant must have previously been twice convicted, sentenced, and committed to “prison”; (2) the commitments must have been for at least three years; (3) the criminal history must show that the defendant was not pardoned for either of the predicate offenses on grounds he was innocent; and (4) the defendant must be convicted of another felony. G.L.c. 279, §25. It is only when the Legislature goes on in the statute to prescribe the punishment for conviction as an Habitual Offender that it uses the phrase “state prison”: An habitual offender shall “be punished by imprisonment in state prison for the maximum term provided by law as a penalty for the felony for which he is then to be sentenced.” G.L.c. 279, §25. For this reason, in Sturtevant v. Commonwealth, 158 Mass. 598, 600 (1893), where the Supreme Judicial Court considered and rejected a number of constitutional attacks on the habitual offender law, the Court stated that “[t]he word ‘prison’ as thus used [in what is codified today in G.L.c. 279, §25] is not limited to the State Prison, but includes all places of imprisonment for crime.”
The view expressed by the Supreme Judicial Court in Sturtevant, supra, was based on and is consistent with the express definitions of these terms by the Legislature. G.L.c. 125, §1, provides that
[a]s used in this chapter and elsewhere in the general laws, unless the context otherwise requires, the following words shall have the following meanings:
(d) “correctional facility,” any building, enclosure, space or structure used for the custody, control and rehabilitation of committed offenders and of such other persons as may be placed in custody therein in accordance with law;
(1) “prison,” correctional facility,
(o) “state prison,” Massachusetts Correctional Institution, Cedar Junction."[2]
Thus, in Commonwealth v. Youngworth, 48 Mass.App.Ct. 249, 251 (1999), relied upon by the Commonwealth, the Appeals Court rejected an attack on the sufficiency of the evidence in support of an indictment as an habitual offender in which one of the predicate offenses was an armed robbeiy conviction *812 involving a sentence and commitment to M.C.I. Concord for a term of thirteen years.
Because the terms “prison” and “state prison” used by the Legislature in G.L.c. 279, §25 are defined with precision in G.L.c. 125, §1 and are not ambiguous, they must be given the meaning assigned by the Legislature. G.L.c. 279, §25 is not otherwise susceptible to differing and inconsistent interpretations. Therefore, there is no need to consider the canons of construction applicable to criminal statutes in order to ascertain its meaning. Contrast, Commonwealth v. Gagnon, 387 Mass. 567, 569 (1982).
ORDER
A sentence of imprisonment and a commitment to M.C.I. Concord for a term in excess of three years constitutes a sentence of imprisonment to prison for purposes of establishing a predicate offense under G.L.c. 279, §25. For the above reasons, the defendant’s motion to dismiss is DENIED.

This standard offers no sure mechanical guide for assessing sufficiency, but it has been employed primarily to strike down indictments in cases where a grand juiy has heard no evidence identifying the defendant as the perpetrator of an offense or where the grand juiy has heard no evidence whatever that would support an inference of the defendant’s involvement.” Commonwealth v. Truong Vo Tam, 49 Mass.App.Ct. 3, 37 (2000) (citations omitted).

In G.L.c. 125, §1, the Legislature also specifically distinguishes between “county correctional facility” and “state correctional facility" and defines the phrase “state correctional facility” to include both M.C.I. Concord as well as M.C.I. Walpole.