AMIN KARIMPOUR *vs.* SUPREME JUDICIAL COURT. December 26, 2006. *Supreme Judicial Court,* Superintendence of inferior courts.

Amin Karimpour appeals a judgment of the single justice of this court denying his petition, pursuant to G. L. c. 211, § 3, without a hearing. We affirm.

In March 2004, Amin Karimpour filed a complaint in the Superior Court against the Chief Justice and the Associate Justices of this court. The trial court dismissed the complaint and then denied the motion for reconsideration that followed. Karimpour appealed both actions, and after the Appeals Court affirmed both, *Karimpour* v. *Chief Justice of the Supreme Judicial Court,* 63 Mass. App. Ct. 1118 (2005), he petitioned for rehearing. The Appeals Court denied his petition for a rehearing, and we subsequently denied his application for further appellate review. *Karimpour* v. *Chief Justice of the Supreme Judicial Court,* 445 Mass. 1103 (2005). Karimpour then filed his G. L. c. 211, § 3, petition.

Relief under G. L. c. 211, § 3, is properly denied where, as here, "there are other routes by which the petitioning party may adequately seek relief." *Sabree* v. *Commonwealth,* 432 Mass. 1003 (2000). The petitioner bears the burden to allege and demonstrate the absence or inadequacy of other remedies. See, e.g., *Russell* v. *Nichols,* 434 Mass. 1015, 1016 (2001). Karimpour has not met this burden. He has already obtained appellate review of the dismissal of his Superior Court complaint and the denial of his motion for reconsideration, and he nowhere demonstrates that the remedy of ordinary appellate review has been inadequate. "Our general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course." *Votta* v. *Police Dep't of Billerica,* 444 Mass. 1001 (2005).

This court "will not reverse an order of a single justice in a proceeding brought pursuant to G. L. c. 211, § 3, absent an abuse of discretion or other clear error of law." *Youngworth* v. *Commonwealth,* 436 Mass. 608, 611 (2002). The single justice did not commit a clear error of law or abuse his discretion in denying relief.

*Judgment affirmed.*

*Amin Karimpour,* pro se.

*Julie B. Goldman,* Assistant Attorney General, for the defendant.