ANTHONY SOLIMINE *vs.* JAMES C. DAVIDIAN & another.[1] March 7, 1996. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Civil,* Party pro se.

This is an appeal by Anthony Solimine from a decision of a single justice denying Solimine relief on his petition under G. L. c. 211, § 3 (1994 ed.), without a hearing. There was no error.

Solimine, acting pro se, lost on his claim against the respondent, James C. Davidian, in the District Court. Solimine's unfocused pro se petition seeking relief under G. L. c. 211, § 3, raised no issue which could not have been considered in the ordinary appellate process available within the District Court. Relief under G. L. c. 211, § 3, cannot be obtained when someone in Solimine's position has (or had) the opportunity to pursue ordinary appellate review. See *Pandey* v. *Pudlo,* 416 Mass. 1008 (1993). The fact that Solimine is acting pro se is also of no significance because he is held to the same standards to which litigants with counsel are held. *Mmoe* v. *Commonwealth,* 393 Mass. 617, 620 (1985).

*Judgment affirmed.*

*Anthony Solimine,* pro se, submitted a brief.


JASON C. REDDY *vs.* COMMONWEALTH. March 19, 1996. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Criminal,* Interlocutory appeal.

This is an appeal under S.J.C. Rule 2:21, 421 Mass. 1303 (1995), from the denial pursuant to G. L. c. 211, § 3 (1994 ed.), of relief from an interlocutory ruling denying Jason C. Reddy access to the psychological and medical records of the complainant's mother. Supreme Judicial Court Rule 2:21 (2) requires an appellant to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any adverse judgment in the trial court or by other available means." The appellant has failed to set forth reasons why normal appellate review in the event of conviction is not an adequate remedy.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Emmanuel N. Papanickolas* for the plaintiff.