G. SAIF SABREE[1] *vs*. COMMONWEALTH. July 12, 2000. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Civil,* Record.

The petitioner, G. Saif Sabree, appeals from a judgment of a single justice of this court denying, without a hearing, his petition for relief under G. L. c. 211, § 3, which sought an order compelling the Superior Court to act on a motion for a new trial that he alleges he filed with that court.[2] We affirm.

We have repeatedly held that relief under G. L. c. 211, § 3, is properly denied where there are other routes by which the petitioning party may adequately seek relief. See, e.g., *Matthews* v. *D'Arcy,* 425 Mass. 1021, 1022

[1] Also known as Gary Mitchell.

[2] The Commonwealth claims that a single justice does not have the authority to order relief in the nature of mandamus. This claim is without merit. The single justice clearly had the authority to act where the order sought would have been directed to a lower court. See G. L. c. 211, § 3. Cf. *Empire Apartments, Inc.* v. *Gray,* 353 Mass. 333, 335 (1967).

(1997); *Greco* v. *Plymouth Sav. Bank,* 423 Mass. 1019, 1019 (1996). We have also held that it is the petitioner's burden to create a record — not merely to allege but to demonstrate by providing a copy of the lower court docket and any relevant pleadings — to substantiate his allegations. See, e.g., *Lantsman* v. *Lantsman,* 429 Mass. 1018, 1019 (1999); *Gorod* v. *Tabachnick,* 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998). The petitioner did not create such a record, and so the single justice correctly denied his petition. Notably absent was a copy of the lower court docket or anything else indicating that the petitioner had ever filed a third motion for a new trial with the Superior Court. The Commonwealth has provided us with a copy of the lower court docket; it does not reflect the filing of such a motion.[3]

*Judgment affirmed.*

The case was submitted on briefs.

*John P. Zanini,* Assistant District Attorney, for the Commonwealth.

*G. Saif Sabree,* pro se.

---

[3]Nothing we have said precludes the petitioner from now filing and serving his third motion for a new trial. See Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979).