KAREN RUSSELL *vs.* MAUREEN NICHOLS & another.[1] July 16, 2001. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Civil,* Appeal, Record.

The petitioner, Karen Russell, appeals from a judgment of a single justice of this court denying her petition pursuant to G. L. c. 211, § 3. We affirm.[2]

In March, 1999, a judge in the Superior Court ordered the entry of a judgment for the defendants in a civil action that Russell had commenced against them. The judge found Russell's allegations in the case to be "utterly without merit." Additionally he ordered that the clerk of the court not accept for filing any future complaint by Russell against the defendants, unless Russell first obtained leave of court to file the complaint. There is no indication in the record before us that Russell ever appealed from the judgment or challenged the judge's order restricting her future filings.

In August, 2000, Russell filed a motion in the Superior Court seeking leave to file another complaint against the defendants. A second judge denied her motion. She then filed a petition in the county court pursuant to G. L. c. 211,

---

[1]Nichols's daughter, Maya Nichols.

[2]Russell's brief on appeal does not contain adequate appellate argument. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975). That alone could serve as a basis for affirming the single justice's judgment.

§ 3, seeking relief from that denial. A single justice denied the petition without a hearing.[3]

We affirm the single justice's judgment because Russell failed to allege in her petition, let alone demonstrate, that the Superior Court judge's order denying leave to file could not have been adequately remedied through the normal appellate process or by other available means. It was Russell's burden, as a petitioner under G. L. c. 211, § 3, to demonstrate the absence or inadequacy of other remedies. *Sinai* v. *Plymouth Div. of the Probate & Family Court Dep't*, 425 Mass. 1021, 1021 (1997). Because the denial of leave to file a new complaint was a final order — effectively foreclosing Russell from proceeding further in the trial court and leaving the court with nothing else to do in the case at this time — Russell could have appealed from the order (and may appeal from future orders denying leave) to the Appeals Court.

Russell also failed to satisfy her burden of creating an adequate factual record before the single justice to substantiate her claim for relief. See *Gorod* v. *Tabachnick*, 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998), and cases cited. Simply put, the single justice was not required, on the limited facts before her, to grant the relief sought.[4]

*Judgment affirmed.*

*Karen Russell*, pro se.
*Joyce Kauffman* for the defendants.

---

[3]Russell alleged in her petition that she has twice been denied leave by Superior Court judges to file a complaint against the defendants. There is nothing in the record of any denial of leave other than the denial in August, 2000, which we have identified.

[4]The parties have included several documents in the record appendix that were not before the single justice. We confine our review in this appeal to the materials that were before the single justice.