. John Fuentes *vs.* Commonwealth. May 8, 2002. *Supreme Judicial Court,* Superintendence of inferior courts.

The petitioner appeals from a judgment of a single justice of this court denying the relief that he sought in a document entitled "Petition for Review to Stay Sentence: Vacate: and Resentence: According to Principles of Plea-

Agreement and Grant Credit for Time Serve." The single justice treated the document as a petition under G. L. c. 211, § 3, and denied it without a hearing. We affirm.

Relief under G. L. c. 211, § 3, is unavailable where there are alternative routes by which the petitioner may adequately seek relief. E.g., *Sabree* v. *Commonwealth*, 432 Mass. 1003 (2000); *Pavilonis* v. *Commonwealth*, 394 Mass. 1001, 1002 (1985) (where the plaintiff failed to appeal from denial of relief under rules of appellate procedure, G. L. c. 211, § 3, relief inappropriate). It is settled that it is the petitioner's burden to create a record "demonstrat[ing] the absence or inadequacy of other remedies," *Callahan* v. *Superior Court*, 432 Mass. 1023, 1023 (2000), as well as a "substantial claim of violation of a substantive right." *Gorod* v. *Tabachnick*, 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998). The petitioner's unfocused pro se filings establish no such record. The single justice neither abused his discretion nor made a clear error of law in denying the petition.[1]

*Judgment affirmed.*

The case was submitted on briefs.

*Judith Ellen Pietras*, Assistant District Attorney, for the Commonwealth.

*John Fuentes*, pro se.

---

[1]The fact that petitioner is acting pro se is without significance. In this respect he is held to the same standards to which litigants represented by counsel are held. *Solimine* v. *Davidian*, 422 Mass. 1002 (1996).