LORENZO Q. SCOTT *vs.* DISTRICT ATTORNEY FOR THE NORFOLK DISTRICT. November 8, 2002. *Supreme Judicial Court,* Superintendence of inferior courts. *Public Records.*

Lorenzo Q. Scott appeals from a judgment of a single justice of this court denying his petition, pursuant to G. L. c. 211, § 3, without a hearing.

Relief under G. L. c. 211, § 3, is properly denied where, as here, "there are other routes by which the petitioning party may adequately seek relief," *Sabree* v. *Commonwealth*, 432 Mass. 1003, 1003 (2000), and it is the petitioner's burden to both allege and demonstrate the absence or inadequacy of such routes, e.g., *Russell* v. *Nichols*, 434 Mass. 1015, 1016 (2001). The petitioner failed to meet his burden. To the extent that he alleges that a judge in the Superior Court erred in denying his pretrial discovery motion seeking information from the district attorney's office, he could have pursued that claim as

---

part of his direct appeal from his convictions. See *Lantsman* v. *Lantsman*, 429 Mass. 1018, 1018 (1999). Additionally, to the extent that the petitioner contends that he was prosecuted for improper reasons, he also could have raised this claim in his direct appeal or, if appropriate, he could have moved for a new trial, pursuant to Mass. R. Crim. P. 30, 378 Mass. 900 (1979), and he does not allege that he did so. The petitioner does not allege, much less demonstrate, that these remedies were inadequate. The single justice neither abused his discretion nor committed any other error of law in denying the petition pursuant to G. L. c. 211, § 3.

The petition further indicates that the petitioner, within the past year, made a so-called public records request, pursuant to G. L. c. 66, § 10, to the district attorney, seeking essentially the same information that he had sought but had been denied in his pretrial discovery motion. An indulgent reading of the petition suggests that the petitioner, in addition to seeking relief pursuant to G. L. c. 211, § 3, is also seeking judicial review of the district attorney's response to that request, pursuant to G. L. c. 66, § 10 (*b*).

For the reasons stated, the single justice's denial of relief pursuant to G. L. c. 211, § 3, is affirmed. An order shall be entered in the county court, however, transferring to the Superior Court in Norfolk County so much of the petition as seeks judicial review pursuant to G. L. c. 66, § 10 (*b*). The matter is to be entered in the Superior Court as a civil action nunc pro tunc to January 14, 2002, the date it was entered in the county court. The case may proceed as if on complaint pursuant to G. L. c. 66, § 10 (*b*). We express no view on the merits.

*So ordered.*

The case was submitted on briefs.

*Lorenzo Q. Scott*, pro se.