LORENZO QUINTIN SCOTT *vs.* DISTRICT ATTORNEY FOR THE NORFOLK DISTRICT. December 12, 2005. *Supreme Judicial Court,* Superintendence of inferior courts.

Lorenzo Quintin Scott appeals from a judgment of a single justice of this court denying his petition, pursuant to G. L. c. 211, § 3, without a hearing. We affirm.

Relief under G. L. c. 211, § 3, is properly denied where, as here, "there are other routes by which the petitioning party may adequately seek relief." *Sabree* v. *Commonwealth*, 432 Mass. 1003, 1003 (2000). It is the petitioner's burden to allege and demonstrate the absence or inadequacy of other remedies. See, e.g., *Russell* v. *Nichols*, 434 Mass. 1015, 1016 (2001).

Here, the petitioner cannot meet his burden. He has, in fact, already obtained appellate review of the judgments against him in the civil actions that are the subject of his petition. See *Scott* v. *District Attorney for the Norfolk Dist.*, 63 Mass. App. Ct. 1113 (2005). He filed the petition that is the subject of this appeal even before a decision was rendered by the Appeals Court on his direct appeal. The petitioner does not allege, much less demonstrate, that the remedy of ordinary appellate review by the Appeals Court was inadequate. "Our general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course." *Votta* v. *Police Dep't of Billerica*, 444 Mass. 1001, 1001 (2005).

The single justice neither abused his discretion nor committed any other error of law in denying the petition under G. L. c. 211, § 3.

*Judgment affirmed.*

The case was submitted on briefs.

*Lorenzo Q. Scott*, pro se.

*Robert C. Cosgrove*, Assistant District Attorney, for the defendant.