'OMAR 'ABDULLAH *vs.* SECRETARY OF PUBLIC SAFETY. August 3, 2006. *Supreme Judicial Court,* Appeal from order of single justice. *Practice, Civil,* Interlocutory appeal.

'Omar 'Abdullah appeals from a judgment of a single justice of this court denying his petition for relief pursuant to G. L. c. 211, § 3, without a hearing. We affirm.

'Abdullah's G. L. c. 211, § 3, petition requested that the single justice review a decision of the Appeals Court ordering the entry of judgment for the defendants in his underlying case against them, on the ground of qualified immunity. See *'Abdullah* v. *Secretary of Pub. Safety*, 63 Mass. App. Ct. 1117 (2005). His petition for rehearing was denied by the Appeals Court. 'Abdullah could have sought, but did not seek, leave to obtain further appellate review. Mass. R. A. P. 27.1, as amended, 426 Mass. 1602 (1998). Relief pursuant to G. L. c. 211, § 3, is not available where the petitioner can seek the requested relief by other adequate and effective avenues. *Scott* v. *District Attorney for the Norfolk Dist.*, 445 Mass. 1022 (2005). "Our general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course." *Votta* v. *Police Dep't of Billerica*, 444 Mass. 1001, 1001 (2005). See *Lanoue* v. *Commonwealth*, 427 Mass. 1014, 1015 (1998). The

---

single justice therefore correctly denied relief under G. L. c. 211, § 3.[1,2]

*Judgment affirmed.*

'Omar 'Abdullah, pro se, submitted a brief.

---

[1]An assistant clerk of the county court asked the petitioner in writing whether he intended his filing to be an application for further appellate review; the petitioner responded in writing that he did not.

[2]We take no action on the petitioner's motion to strike the respondent's letter in lieu of a brief. We did not rely on the letter in reaching our decision.

