LORENZO QUINTIN SCOTT *vs.* ATTORNEY GENERAL & others.[1] December 27, 2006. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Discovery.

Lorenzo Quintin Scott appeals from the denial by a single justice of this court of his petition pursuant to G. L. c. 211, § 3, in which he asked the single justice to vacate various rulings of both the Superior Court and the Appeals Court. We affirm.

Scott was convicted of breaking and entering in the nighttime with intent to

---

[1]The District Attorney for the Norfolk District, the Massachusetts Parole Board, the Department of Correction, and the Department of Public Safety.

commit a felony and of being a habitual offender. During the course of the criminal proceedings, Scott tried to obtain pretrial discovery from the Norfolk district attorney's office. Specifically, Scott sought statistical information regarding the race of persons indicted as habitual offenders. The district attorney's office indicated that no such information was available, and the trial judge declined to allow discovery. After the Appeals Court affirmed Scott's conviction, *Commonwealth* v. *Scott*, 46 Mass. App. Ct. 1118 (1999), and we denied further appellate review, 429 Mass. 1108 (1999), Scott tried unsuccessfully to revisit both the discovery issue — through the public records statute — and other issues related to his conviction. As part of those efforts he has twice before been before this court, both times appealing from denials of G. L. c. 211, § 3, petitions. *Scott* v. *District Attorney for the Norfolk Dist.*, 445 Mass. 1022 (2005); *Scott* v. *District Attorney for the Norfolk Dist.*, 438 Mass. 1002 (2002).

Relief under G. L. c. 211, § 3, is properly denied where, as here, "there are other routes by which the petitioning party may adequately seek relief." *Sabree* v. *Commonwealth*, 432 Mass. 1003, 1003 (2000). The petitioner bears the burden to allege and demonstrate the absence or inadequacy of other remedies. See, e.g., *Russell* v. *Nichols*, 434 Mass. 1015, 1016 (2001). Scott has not met this burden. He has already obtained appellate review of both his criminal conviction and of the judgments against him in the civil actions stemming from his efforts to secure the statistical information. As we noted the last time Scott appeared before this court, "[o]ur general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course." *Scott* v. *District Attorney for the Norfolk Dist.*, 445 Mass. 1022, 1022 (2005), quoting *Votta* v. *Police Dep't of Billerica*, 444 Mass. 1001, 1001 (2005).

This court "will not reverse an order of a single justice in a proceeding brought pursuant to G. L. c. 211, § 3, absent an abuse of discretion or other clear error of law." *Youngworth* v. *Commonwealth*, 436 Mass. 608, 611 (2002). The single justice did not commit a clear error of law or abuse his discretion in denying relief.

*Judgment affirmed.*

The case was submitted on briefs.

*Lorenzo Q. Scott*, pro se.

*Robert C. Cosgrove*, Assistant District Attorney, for the defendants.