GERARD BALDYGA *vs.* DUDLEY DIVISION OF THE DISTRICT COURT DEPARTMENT & others.[1] May 25, 2007. *Supreme Judicial Court,* Superintendence of inferior courts.

A Federal jury convicted the petitioner of "four counts of possession of cocaine with intent to distribute and distribution of cocaine, in violation of 21 U.S.C. § 841(a)(1), one count of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1), and one count of tampering with a witness, in violation of 18 U.S.C. § 1512(b)(3)." *United States* v. *Baldyga,* 233 F.3d 674, 677 (1st Cir. 2000), cert. denied, 534 U.S. 871 (2001) (affirming convictions). In the Federal courts, the petitioner affirmatively challenged the warrants (and a supporting affidavit) used to search his home and outbuildings, both directly and collaterally. *Baldyga* v. *United States,* 337 F. Supp. 2d 264, 266-267 (D. Mass. 2004). He also alleged that his arrest on a State court warrant was illegal, as was his removal from the State court system to the Federal system and his transport across State lines to a correctional facility in Rhode Island. *Id.* Those claims were rejected. *Id.*

In August, 2004, the petitioner filed various documents in the county court seeking relief for some of the same claimed illegalities raised and rejected in the Federal courts.[2] In particular, he alleged that various law enforcement officers violated his rights in connection with warrant applications, the execution thereof, and his detainment both in Massachusetts and Rhode Island, as well that certain judicial officials and medical providers assisted or concealed knowledge of the officers' alleged illegal activities. A single justice treated the documents as requesting relief under G. L. c. 211, § 3, and denied such relief without a hearing.[3] The petitioner now appeals from the judgment of the single justice. We affirm.

"The discretionary power of review under G. L. c. 211, § 3, is recognized as 'extraordinary,' and will be available only in 'the most exceptional circumstances.' *Costarelli* v. *Commonwealth,* 374 Mass. 677, 679 (1978)." *Lavallee* v. *Justices in the Hampden Superior Court,* 442 Mass. 228, 233 (2004), quoting *Hagen* v. *Commonwealth,* 437 Mass. 374, 377 (2002). Such circumstances are not present where a petitioner can raise, or could have raised, his claims in the ordinary course of trial and appeal. *Diggs* v. *Commonwealth,* 429 Mass. 1019 (1999). The petitioner here has made no showing that the issues raised in this court could not properly have been presented in the Federal proceedings or in a separate civil action: he has not demonstrated that any perceived violation of his rights could not be addressed in those contexts, either at trial or in the course of normal appellate review. Accordingly, the single justice neither abused his discretion nor otherwise erred in denying relief under G. L. c. 211, § 3. See *Elder* v. *Commonwealth,* 385 Mass. 128, 132 (1982). See also *Milton* v. *Boston,* 427 Mass. 1016, 1017 (1998).

---

[1]Town of Webster, town of Dudley, Wyatt Detention Facility, and Hubbard Regional Hospital.

[2]Notwithstanding the petitioner's pro se status, we hold him to the same standards applicable to litigants represented by counsel. *Maza* v. *Commonwealth,* 423 Mass. 1006 (1996), and cases cited.

[3]The petitioner does not claim on appeal that the single justice erred in treating his filings as a petition under G. L. c. 211, § 3.

We therefore affirm the single justice's denial of relief under G. L. c. 211, § 3. To the extent the complaints filed by the petitioner in the county court purported to assert other claims against the respondents and other parties identified therein, an order shall be entered in the county court transferring the complaints to the Superior Court Department in Worcester County (nunc pro tunc to the date they were filed in the county court), where he is free to pursue those claims. See *Scott* v. *District Attorney for the Norfolk Dist.*, 438 Mass. 1002 (2002). We express no view on the timeliness of the complaints, or on the merits of any of those claims.

*So ordered.*

*Gerard Baldyga*, pro se.