SATISH CHANDRA *vs.* C. STEPHEN FOSTER & others.[1] September 14, 2007. *Supreme Judicial Court*, Superintendence of inferior courts. *Mandamus. Medical Malpractice*, Tribunal. *Practice, Civil*, Interlocutory appeal.

Satish Chandra appeals from a judgment of the county court denying his petition for relief in the nature of mandamus or under G. L. c. 211, § 3.[2] We affirm the judgment.

On February 24, 2006, Chandra filed a pro se medical malpractice complaint against Dr. C. Stephen Foster, an ophthalmologist, alleging that Foster's failure to provide Chandra with proper treatment caused permanent damage to his optic nerve. Then, on July 14, 2006, Chandra filed a "Motion under Fourteenth Amendment (Equal Protection of the Laws Clause) of U.S. Constitution," asserting that G. L. c. 231, § 60B, which requires medical malpractice claims to be presented to a tribunal, violates the equal protection clause and is therefore void. But see *Paro* v. *Longwood Hosp.*, 373 Mass. 645, 648-651 (1977) (holding that G. L. c. 231, § 60B, does not violate equal protection guarantees). The motion was denied. Foster then filed his answer to the complaint and requested a hearing before a medical malpractice tribunal, pursuant to G. L. c. 231, § 60B. Despite Chandra's opposition to the tribunal, the Superior Court ordered a medical malpractice tribunal to convene on October 17, 2006. Chandra filed a motion to void the order, which was denied on September 29, 2006, and shortly thereafter, on October 16, 2006, Chandra filed his petition in the county court. The single justice denied the petition without a hearing.

"Relief pursuant to G. L. c. 211, § 3, is not available where the petitioner can seek the requested relief by other adequate and effective avenues." *'Abdullah* v. *Secretary of Pub. Safety*, 447 Mass. 1009, 1009 (2006), citing *Scott* v. *District Attorney for the Norfolk Dist.*, 445 Mass. 1022 (2005). Similarly, "[r]elief in the nature of mandamus is extraordinary, and is granted in the discretion of the court where no other relief is available." *Murray* v. *Commonwealth*, 447 Mass. 1010, 1010 (2006), citing *Forte* v. *Commonwealth*, 429

---

[1]The petitioner also named as respondents various court administrators and judges and the members of a medical malpractice tribunal. These defendants are nominal parties. See S.J.C. Rule 2:22, 422 Mass. 1302 (1996).

[2]Although the judgment of the single justice did not explicitly state that relief in the nature of mandamus was denied, the decision effectively denied such relief.

Mass. 1019, 1020 (1999). Here, Chandra had other adequate and effective avenues for seeking relief: he could have appealed from the decision of the tribunal after declining to post the requisite bond, see *McMahon* v. *Glixman*, 379 Mass. 60, 63-64 (1979) (when medical malpractice tribunal finds in favor of defendant, plaintiff can appeal decision of tribunal), or sought interlocutory review of the rulings on his trial court motions before a single justice of the Appeals Court pursuant to G. L. c. 231, § 118, first par., see, e.g., *Callahan* v. *Superior Court*, 410 Mass. 1001, 1001 (1991) (mandamus not proper remedy for petitioner seeking order reversing interlocutory decision of Superior Court where petitioner could have appealed interlocutory orders under G. L. c. 231, § 118).[3]

The single justice did not abuse his discretion or otherwise err in denying relief.

*Judgment affirmed.*

*Satish Chandra*, pro se, submitted a brief.

---

[3]After the tribunal found in favor of Foster, on October 19, 2006, he successfully moved to dismiss Chandra's complaint. Chandra then sought to extend the deadline for filing an appeal from the dismissal until ten days after this court issued its decision in this matter. Chandra's request was denied, and he did not file an appeal.