LISA SIEGEL BELANGER *vs.* BRIAN CUFFE & others.[1,2] March 19, 2013. *Supreme Judicial Court,* Superintendence of inferior courts. *Guardian. Conservator. Probate Court,* Guardian.

Lisa Siegel Belanger appeals from a judgment of a single justice of this court denying her petition pursuant to G. L. c. 211, § 3. We affirm.

In May, 2011, the petitioner commenced actions in the Probate and Family Court seeking to have herself appointed guardian and conservator for her elderly father. In September, 2011, a judge appointed a temporary guardian and a temporary conservator but did not appoint the petitioner in either capacity. The temporary guardian and temporary conservator each thereafter took various actions in connection with their respective duties, and the temporary appointments have been extended several times. Additionally, several hearings

[1]James Feld; Marsha Kazarosian; Maxa Berid, of Elder Services of the Merrimack Valley, Inc.; Robert Ledoux; Brandon Saunders; and Laura Studen.

[2]The petitioner also named as a respondent the Essex Probate & Family Court. The court is a nominal party only. See S.J.C. Rule 2:22, 422 Mass. 1302 (1996).

have been held in the Probate and Family Court related to the petitioner's father's care. The petitioner filed a G. L. c. 211, § 3, petition in March, 2012, complaining about the temporary guardian, the temporary conservator, and several other individuals including, among others, an attorney representing her father and an attorney representing an elder services agency involved in her father's care. The petitioner argued that the respondents had engaged in "unethical, unprofessional and unlawful conduct" resulting in "immeasurable irreparable harm" to her father. She asked the court to "restore" her father's right to his family's care and "to extricate the designated parties out of [her] father's life." She also appears to have been seeking relief from certain rulings of the trial court, such as an order requiring her, her husband, and their children to vacate her father's home, where they were residing, and an order prohibiting her from contacting her father without the consent of the guardian. The single justice denied the petition without a hearing.

In appealing from the single justice's judgment, the petitioner argues that the single justice erred in treating the G. L. c. 211, § 3, petition as an "appeal" from interlocutory rulings of the trial court. Rather, the petition, in her view, constituted a new civil action filed in this court "as a court of original jurisdiction, as prescribed by G. L. c. 211, § 3." While she is correct, technically speaking, that a G. L. c. 211, § 3, proceeding is not an appeal per se, that distinction is irrelevant to the outcome here. Regardless how the petitioner characterizes the petition, what she ultimately seeks is relief related to various rulings and events in the trial court, and it is clear that, because of the existence of adequate alternative remedies, she is not entitled to that relief pursuant to G. L. c. 211, § 3.

Relief under G. L. c. 211, § 3, is extraordinary, and it "is properly denied where there are other routes by which the petitioning party may adequately seek relief." *Sabree* v. *Commonwealth*, 432 Mass. 1003, 1003 (2000), and cases cited. Here, for example, the petitioner asks this court to remove the temporary guardian and temporary conservator, but there is no indication in the record before us that she sought the removal of the temporary guardian or temporary conservator through any avenues available to her in the trial court or the Appeals Court. Similarly, to the extent that she complains about the quality of the legal representation being provided to her father, or seeks recusal of the judge currently presiding over the guardianship and conservatorship proceedings, she has taken no steps in the trial court to remedy the alleged problems, e.g., by filing a motion asking the judge to recuse himself.

The petitioner argues that because her father is eighty-three years old and "in the earlier stages of Alzheimer's and Dementia," the "deterioration of memory loss and overall thinking capacity from Alzheimer's and Dementia self-evidences that the time it takes for the ordinary course of the appeals process (or any other routine court procedural avenue) would cause irreparable harm," necessitating review under G. L. c. 211, § 3. This concern, as important as it is to the petitioner, does not necessarily create the type of "exceptional circumstances" that compel the exercise of this court's supervisory powers pursuant to G. L. c. 211, § 3. There was no indication in the record before the single justice, and there is none in the record before us, that the

petitioner has attempted to obtain any kind of expedited resolution in either the trial court or the Appeals Court of the issues she has raised.[3]

*Judgment affirmed.*

*Lisa Siegel Belanger,* pro se.

*Brian Cuffe,* pro se, was present but did not argue.

*Maxa Berid,* pro se, was present but did not argue.

---

[3]This case appears to have generated considerable activity, as is apparent from the docket in the trial court and the record appendix. We assume that the propriety of the work and the billings will be reviewed in due course.

