NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11650

CAROLYN O. FAULK & another[1]  vs.  CVS CAREMARK CORPORATION & others.[2]

October 24, 2014.

Supreme Judicial Court, Superintendence of inferior courts.

The petitioners, Carolyn O. Faulk and Stanley D. Howard, appeal from a judgment of a single justice of this court denying their petition pursuant to G. L. c. 211, § 3.  We affirm.

The petitioners commenced an action in the Superior Court against Faulk's former employer, respondent CVS Caremark Corporation, and two of her former supervisors, respondents Danny Ramoutarsingh and David Seetaram.  The complaint alleged that the respondents wrongfully terminated Faulk's employment, and included claims of, among other things, age and gender discrimination in violation of G. L. c. 151B.  The complaint also stated that Howard had provided financial support to Faulk after CVS Caremark terminated her employment, and that he seeks damages (essentially, reimbursement) from CVS Caremark on that basis.  In their G. L. c. 211, § 3, petition the petitioners complained primarily about two events that occurred in the trial court:  the denial of Faulk's request for the appointment of counsel and the respondents' successful motion to dismiss Howard's claims on the basis that he lacks standing.

---

[1] Stanley D. Howard.

[2] Danny Ramoutarsingh and David Seetaram.

After a separate and final judgment entered against Howard, he filed a notice of appeal in the trial court, on January 21, 2014. On the same date, the petitioners also filed, in the Appeals Court, a motion to stay the trial court proceedings. On January 27, 2014, while the motion to stay was pending, the respondents filed a motion for sanctions in the trial court. Then, after a single justice of the Appeals Court denied the motion to stay, the petitioners filed their G. L. c. 211, § 3, petition on February 7, 2014. In addition to seeking relief from the denial of Faulk's request for counsel and the dismissal of Howard's claims, the petitioners also sought a stay of the then-scheduled hearing on sanctions. A single justice of this court denied the petition on February 12, 2014. On that same date, the trial court allowed the respondents' motion for sanctions and dismissed the petitioners' underlying complaint without prejudice.

Because the petitioners' complaint has been dismissed, their claim regarding the denial of Faulk's motion for the appointment of counsel, as well as their efforts to stay the trial court proceedings, are moot. See Rasten v. Northeastern Univ., 432 Mass. 1003 (2000), cert. denied, 531 U.S. 1168 (2001). Even if these issues were not moot we would not disturb the single justice's ruling. Relief under G. L. c. 211, § 3, is properly denied where, as here, "there are other routes by which the petitioning party may adequately seek relief." Sabree v. Commonwealth, 432 Mass. 1003, 1003 (2000). The petitioners bear the burden to allege and demonstrate the absence or inadequacy of other remedies. See, e.g., Russell v. Nichols, 434 Mass. 1015, 1016 (2001). They have not, and cannot, meet this burden. Faulk could have sought interlocutory review of the denial of her motion for the appointment of counsel in the Appeals Court, pursuant to G. L. c. 231, § 118, first par. See Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019-1020 (1996) ("Review under G. L. c. 211, § 3, does not lie where review under c. 231, § 118, would suffice"). In addition, she could have sought review of the denial of her motion in a direct appeal from the judgment of dismissal. As to the dismissal of Howard's claims, he too had an adequate alternative remedy, one which he in fact pursued: a direct appeal in the Appeals Court.[3]

The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.

---

[3] The Appeals Court has since dismissed Howard's appeal for failure to prosecute.

<u>Judgment affirmed</u>.

The case was submitted on the papers filed, accompanied by a memorandum of law.