NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12044

 GREG T. SCHUBERT   vs.  COMMITTEE FOR PUBLIC COUNSEL SERVICES.


August 9, 2016.


Supreme Judicial Court, Superintendence of inferior courts.



The petitioner, attorney Greg T. Schubert, filed papers in the county court entitled "writ of mandamus" and "writ of certiorari" that a single justice treated as a petition pursuant to G. L. c. 211, § 3, and denied.  Schubert appeals, and we affirm.

The matter stems from a billing dispute between Schubert and the respondent, the Committee for Public Counsel Services (CPCS).  Essentially, CPCS conducted an audit of bills that Schubert submitted for payment to CPCS in connection with legal services that he provided for an indigent defendant.  Pursuant to the CPCS Assigned Counsel Manual, certain administrative proceedings followed the audit, culminating in a hearing.  The hearing officer ultimately rendered a decision adverse to Schubert, after which Schubert filed two separate complaints in the Hampden County Superior Court:  one in the nature of certiorari (HDCV2013-00881) and one for a declaratory judgment (HDCV2014-00141).  CPCS filed a motion to dismiss in each action.  A judge denied the motion in the certiorari action because, at the hearing on the motion, CPCS agreed to give Schubert additional time to file a motion for judgment on the pleadings, as required by Superior Court Standing Order 1-96.  Schubert had not filed such a motion because he did not believe that the standing order applied to his case.  In the declaratory judgment action, the judge did allow CPCS's motion to dismiss, on the bases that CPCS cannot be sued under G. L. c. 231A, § 2,

for a declaratory judgment, and that the individual defendants named in that action were immune from suit.

Schubert then filed his pleadings in this court, which a single justice denied without a hearing. After the single justice denied his request for relief, Schubert filed several motions to supplement his pleadings with additional documents, which the single justice treated as motions for reconsideration and denied. Additionally, CPCS again moved to dismiss the certiorari action in the trial court, this time for failure to prosecute. The motion was allowed.

It is incumbent on Schubert, as the petitioner, to demonstrate that "review of the trial court decision[s] cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means." S.J.C. Rule 2:21 (2), as amended, 434 Mass. 1301 (2001). He has not made such a showing. In fact, he has not even addressed the point. In the papers that he has filed in this court, purportedly pursuant to rule 2:21, he raises arguments related only to the substantive merits of the underlying fee dispute. Regardless, there is no reason why Schubert could not have adequately obtained review of his claims in a direct appeal from the dismissals of the trial court actions. Relief under G. L. c. 211, § 3, is properly denied where, as here, "there are other routes by which the petitioning party may adequately seek relief." Sabree v. Commonwealth, 432 Mass. 1003, 1003 (2000). Additionally, as to the certiorari action, Schubert has set forth no reason why he could not have sought interlocutory review in the Appeals Court pursuant to G. L. c. 231, § 118, first par., of the judge's initial ruling that Standing Order 1-96 applied. See Greco v. Plymouth Sav. Bank, 423 Mass. 1019, 1019-1020 (1996) ("Review under G. L. c. 211, § 3, does not lie where review under c. 231, § 118, would suffice").

The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Greg T. Shubert, pro se.