NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12304

 BAHIG F. BISHAY  vs.  LAND COURT DEPARTMENT OF THE TRIAL COURT.


August 18, 2017.


    Supreme Judicial Court, Superintendence of inferior courts.


     Bahig F. Bishay appeals from a judgment of the county court
denying, without a hearing, his petition for relief under G. L.
c. 211, § 3.  We affirm.

     In 2014, a judge in the Superior Court issued an order
permanently enjoining Bishay and his wife from filing any action
in any Massachusetts State court without the prior approval of a
regional administrative judge or his or her designee.[1]  On the
Bishays' appeal, the Appeals Court affirmed that order, Lombard
v. Bishay, 87 Mass. App. Ct. 1135 (2015), and there was no
application for further appellate review.  In 2016, pursuant to
the Superior Court order, Bishay submitted to the Land Court a
motion for leave to file and serve a proposed complaint.  The
Chief Judge of the Land Court assigned the matter to a recall
judge, who denied the motion after a hearing.  In his G. L.
c. 211, § 3, petition, Bishay sought either a declaration that
the Superior Court judge's order was invalid or an order
directing the Land Court to docket his complaint.

     Bishay has filed a memorandum and record appendix pursuant
to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), which

---

     [1] We do not interpret the Superior Court judge's order as
barring the Bishays from filing petitions in the county court
without prior approval.  Bishay is on notice, however, that we
may issue such an order in the future if we find that he has
repeatedly filed frivolous or vexatious petitions or that his
conduct imposes an undue burden on this court's personnel.

requires Bishay to "set forth the reasons why review of the trial court decision cannot adequately be obtained on appeal from any final adverse judgment in the trial court or by other available means."[2]  The rule does not apply here, as neither decision challenged in Bishay's petition was an interlocutory ruling of the trial court.  Nonetheless, it is clear on this record that Bishay had adequate remedies in the ordinary appellate process.  The Superior Court judge's order was appealable in the ordinary course; indeed, Bishay has had his appeal.  "Our general superintendence power under G. L. c. 211, § 3, is extraordinary and to be exercised sparingly, not as a substitute for the normal appellate process or merely to provide an additional layer of appellate review after the normal process has run its course." Fennick v. Kittredge, 460 Mass. 1012 (2011), quoting Votta v. Police Dep't of Billerica, 444 Mass. 1001, 1001 (2005).  Bishay also could have appealed to the Appeals Court from the decision of the Land Court judge denying leave to file the complaint, as that order was "a final order -- effectively foreclosing [Bishay] from proceeding further in the trial court and leaving the court with nothing else to do in the case at this time." Russell v. Nichols, 434 Mass. 1015, 1016 (2001).  The single justice neither erred nor abused her discretion by denying extraordinary relief.

Judgment affirmed.


The case was submitted on the papers filed, accompanied by a memorandum of law.

Bahig F. Bishay, pro se.

---

[2] The rule also provides that "[t]he appeal shall be presented . . . on the papers filed in the single justice session" and that the petitioner must file a record appendix. S.J.C. Rule 2:21 (2).  Bishay's record appendix does not satisfy the requirements of the rule, as it omits much of the record before the single justice.  For example, Bishay's G. L. c. 211, § 3, petition itself is absent from the record appendix, as is the respondent's opposition thereto, and the single justice's decision.  This presents a further reason not to disturb the judgment.