NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12215


CARE AND PROTECTION OF PENELOPE.


May 18, 2018.


Supreme Judicial Court, Superintendence of inferior courts.
     Practice, Civil, Failure to prosecute.


        In October, 2016, the father of a child who was the subject of a care and protection proceeding in the Juvenile Court filed a petition in the county court for relief from the denial of his request for an injunction preventing the child from being removed from the United States.  A single justice of this court denied relief, and, in November, 2016, the father appealed to this court.  He filed a motion for an extension of time to file his brief and was given until December 23, 2016, to file it.  He did not do so.  The child's mother, with the child's assent, has moved to dismiss the appeal, as has the Department of Children and Families.[1]  See Mass. R. A. P. 19 (c), 365 Mass. 867 (1974).  In response, the father does not explain his failure to file a brief in this matter, but makes unsubstantiated allegations concerning the child's treatment outside this country.[2]  The father has had ample time to file a brief in this matter and has not done so.  Although the father is appearing pro se, we hold

        [1] In addition, this court issued a notice preceding dismissal under the May 17, 1988, standing order concerning dismissals of appeals and reports pending in this court for lack of prosecution.

        [2] The father also suggests that this appeal cannot be dismissed until his underlying appeal to the Appeals Court is resolved.  Without passing on the correctness of that proposition, we note that the father did not file a brief in that appeal, and it was dismissed for lack of prosecution.

him to the same standards in this regard as litigants represented by counsel.  See, e.g., Rasheed v. Commonwealth, 440 Mass. 1027, 1027 (2003); Solimine v. Davidian, 422 Mass. 1002, 1002 (1996).  Accordingly, the appeal must be dismissed for lack of prosecution.[3]

Appeal dismissed.

Harriet Schechter for the mother.
Roberta M. Driscoll for the child.
Brian R. Pariser for Department of Children and Families.
The father, pro se.

---

[3] The Department of Children and Families also suggests that the appeal is moot and that the courts of Massachusetts lack jurisdiction due to a child custody proceeding in Switzerland. Due to our disposition, we need not address these issues.