To the extent that the father continues to seek a stay to prevent the mother's June, 2018, trip to India with the children, that issue is now moot, as it appears, as best we can tell from the record, that the trip has occurred and the mother has returned with the children. See Rasten v. Northeastern Univ., 432 Mass. 1003, 1003, 731 N.E.2d 1074 (2000), cert. denied, 531 U.S. 1168, 121 S.Ct. 1133, 148 L.Ed.2d 998 (2001). To the extent that he seeks to preclude any and all future travel, by seeking relief from the April, 2016, *466 judgment, and the February, 2018, modification, his remedy does not lie with this court. He can obtain adequate appellate review in the regular course of a direct appeal from the rulings and judgments of the trial court. Relief under **1022 G. L. c. 211, § 3, is properly denied where, as here, "there are other routes by which the petitioning party may adequately seek relief." Sabree v. Commonwealth, 432 Mass. 1003, 1003-1004, 732 N.E.2d 275 (2000), and cases cited.
The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.
Judgment affirmed.