*1289 **1018 The petitioner, Jordan P. Sandman, appeals from a judgment of a single justice of this court denying his petition pursuant to G. L. c. 211, § 3. We affirm.
In September 2016, Sandman pleaded guilty to several offenses and was sentenced to two concurrent terms of two years in a house of correction and two **1019 concurrent terms of four years' probation. In October 2016, he pleaded guilty to several other offenses and was sentenced to seven months in a house of correction, deemed served, and the balance suspended for two years. Then, in June 2018, while serving the probationary portion of the 2016 sentences, he was charged with new crimes. On July 11, 2018, at a probation revocation and dangerousness hearing, Sandman stipulated to the probation violation as well as to dangerousness pursuant to G. L. c. 276, § 58A. He then filed, in October 2018, his G. L. c. 211, § 3, petition, seeking relief from the sentence imposed as a result of the probation violation as well as from the new, June 2018 charges.[1] He argued, generally, that several of his constitutional rights have been violated, including his right to due process under the Fifth Amendment to the United States Constitution and his right to counsel under the Sixth Amendment to the United States Constitution. The single justice denied the petition without a hearing.
Relief under G. L. c. 211, § 3, is properly denied where, as here, "there are other routes by which the petitioning party may adequately seek relief." Sabree v. Commonwealth, 432 Mass. 1003, 1003, 732 N.E.2d 275 (2000). As the petitioner, it was Sandman's burden, pursuant to G. L. c. 211, § 3, "to demonstrate the absence or inadequacy of other remedies." Russell v. Nichols, 434 Mass. 1015, 1016, 750 N.E.2d 1008 (2001). Sandman has not met this burden. Indeed, he has made no effort to do so, other than to summarily state in the conclusion of his brief that "[t]here is in fact no other avenue for relief." There is no reason why Sandman could not raise the issues that he raises here in an appeal from the probation revocation order. See, e.g., Commonwealth v. Christian, 429 Mass. 1022, 1022-1023, 712 N.E.2d 573 (1999) (direct appeal is appropriate method for seeking review of probation revocation order).[2] To the extent that Sandman raises arguments related to the new, 2018 charges, there is no reason why he cannot, similarly, raise those issues in a direct appeal from any adverse judgment (or, as may be applicable, through appropriate motions in the trial court).
The single justice did not err or abuse his discretion in denying relief under G. L. c. 211, § 3.
He also filed, in the District Court, a motion for reconsideration of the revocation of his probation and the resulting sentence, which was denied.
In point of fact, the District Court dockets for the two 2016 cases in which Sandman's probation was revoked reflect that Sandman filed a notice of appeal shortly after his motion for reconsideration was denied. There is no indication that assembly of the record is yet complete or that the appeals have been entered in the Appeals Court.