NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-673

VEENA SHARMA

vs.

STUART COLE & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

In 2018, the pro se plaintiff initiated this suit by filing a two-page complaint seeking ten million dollars for alleged predatory and discriminatory lending.  The complaint alleged that the loan violated the "civil rights act of 1969," violated the "law of Massachusetts against discrimination," violated "federal law ECOPA," violated the federal Truth in Lending Act, and that the plaintiff's "right to cancel was not honored."  The claims apparently related to a mortgage on properties owned by the plaintiff and her husband.  The complaint alleged that the lender secretly inflated the loan amount, "kept the loan money," that the elderly plaintiff was having difficulty paying the monthly mortgage payment, that there were undisclosed penalties

---

[1] County Mortgage, LLC.

and late fees, that the plaintiff was not permitted to modify the terms and conditions of the loan, that the lender submitted false documents to the Massachusetts Commission Against Discrimination, and that mandatory arbitration is a predatory "trap."

In March 2021, defendants Stuart Cole and County Mortgage LLC[2] filed a motion to dismiss the complaint for failure to state a claim, pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974).[3]  The motion was filed together with a supporting memorandum, in which the defendants argued that the complaint failed to state a claim for fraud with particularity, as required by Mass. R. Civ. P. 9 (b), 365 Mass. 751 (1974), and failed to allege facts sufficient to support a claim of predatory lending subject to the requirements of G. L. c. 183C. In addition, the defendants filed an affidavit of no opposition, in which they averred that they had served the motion and

---

[2] A different panel of this court has previously stated that, despite the caption for the case in the Superior Court, the complaint could fairly be read to assert claims against County Mortgage, LLC.  Consistent with this previous decision, we treat the claims as having been asserted against both Stuart Cole and County Mortgage, LLC.

[3] The 2021 motion to dismiss was filed after extensive previous litigation in the case, including an appeal to this court that resulted in a remand, repeated motions by the plaintiff to transfer venue, and the plaintiff's attempts to have the case heard by a single justice of the Supreme Judicial Court and also by the full panel of that court.

supporting papers on the plaintiff, but had received no response.

The papers referred to in the previous paragraph were filed with the Superior Court on March 17, 2021. Although the plaintiff remained actively engaged in the litigation thereafter, including continuing to seek a change of venue, pursuing relief from the Supreme Judicial Court, and requesting postponements of court hearings, she never opposed the motion to dismiss. Finally, the motion to dismiss was allowed more than one year later, with a notation in the margin that no opposition had been filed. Judgment accordingly entered on April 28, 2022, and it is from this judgment that the plaintiff now appeals.

The plaintiff has given us no reason to disturb the ruling of the Superior Court judge. To begin with, we note that she has provided almost none of the information required to pursue her appeal, including copies of any of the pertinent pleadings, filings, or decisions. She also does not address the fact that she failed to oppose the motion to dismiss below, nor offer any explanation for her failure to do so. We note in this regard that the motion to dismiss was not precipitously acted on; indeed, the plaintiff had more than one year in which she could have filed an opposition. Although we recognize that the plaintiff is proceeding pro se, she is held to the same standards as represented litigants. See Baldyga v. Dudley Div.

3

of the Dist. Court Dep't, 449 Mass. 1012, 1012 n.2 (2007); Solimine v. Davidian, 422 Mass. 1002, 1002 (1996).

We also note the following with respect to the issues the plaintiff raises on appeal. First, she contends that the first three lines of the Superior Court judgment are factually incorrect in that they state that she is seeking to stop a foreclosure when, in fact, she seeks ten million dollars in damages. The sentence to which the plaintiff points is not contained in the judgment from which she is now appealing. Instead, it appears in the judge's memorandum and order on her motion to enjoin foreclosure. That decision is not before us in this appeal, but was instead the subject of the previous appeal to this court, Sharma v. County Mtge., LLC, 97 Mass. App. Ct. 1126 (2020).

For the same reason, the plaintiff's arguments that her complaint should not have been dismissed on March 18, 2019, without a hearing and before the defendants moved to dismiss or answered the complaint, also fail. The March 18, 2019 judgment was the subject of the earlier appeal, and cannot be relitigated here.

The plaintiff questions the fairness of denying her repeated requests to change venue, claiming that she never received any response from the court despite her repeated requests. To the extent this rises to the level of appellate

4

argument, which is doubtful, we note that the plaintiff withdrew her request for transfer and the judge noted on the record the reasons for which the plaintiff did so.

Finally, referring to documents and allegations that were not presented to the court below, the plaintiff argues in broad strokes that her claims have merit.  However, we will not consider arguments made for the first time on appeal or materials that were not before the trial court judge.  See Fidelity Mgt. & Research Co. v. Ostrander, 40 Mass. App. Ct. 195, 200 (1996).  As we have already noted, the plaintiff failed to oppose the motion to dismiss below, despite ample opportunity and time to do so, and the consequence is that we are confined to the state of the record as it existed when the judge ruled on the motion to dismiss.  On that record, we see no error in dismissing the complaint.

Judgment affirmed.

By the Court (Meade,
Wolohojian & Walsh, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  May 12, 2023.

---

[4] The panelists are listed in order of seniority.