COMMONWEALTH *vs.* ROBERT H. LUCEY. October 28, 1970. Under an indictment charging murder in the second degree the defendant was found guilty of manslaughter. Presumably because the defendant had lost his right to come here by appeal under G. L. c. 278, §§ 33A–33G, the judge reported certain questions arising out of the trial for the determination of this court. Of the questions reported we shall deal only with those argued by the defendant. 1. The indictment, which was in the form prescribed by G. L. c. 277, § 79, was read to the jury by the clerk. The defendant complains of the words in the indictment which allege that ". . . the jurors further say that the defendant is *guilty* of murder in the second degree and not in the first degree" (emphasis supplied). Shortly after the reading of the indictment the judge instructed the jury that the words complained of meant no more than that the defendant was *accused* of murder in the second degree, and that it was for them to determine the defendant's guilt at the conclusion of the case (emphasis supplied). There was no error. See *Commonwealth* v. *Chase,* 350 Mass. 738, 740. 2. The defendant argues that the judge did not properly or adequately instruct the jury either (a) as to the Commonwealth's burden of proof or (b) concerning the defendant's failure to testify. From a careful reading of the charge, we are satisfied that it was accurate and fair with respect to both of these subjects. 3. The defendant contends that the judge erroneously charged that a verdict of manslaughter should be returned. This contention is completely without merit. The judge gave the jury the options to bring in the following verdicts: guilty of murder in second degree, guilty of manslaughter, or not guilty. In short, the questions reported which the defendant now presses

reveal no error in the conduct of the trial. In view of the inept form of the questions reported, we have been unable to answer them except as above indicated. The case is remanded to the Superior Court.

*So ordered.*

*Walter Powers, Jr.,* for the defendant.
*Alvan Brody,* Special Assistant District Attorney, for the Commonwealth.