COMMONWEALTH *vs.* STEVEN NICHOLSON & another.[1]

Suffolk.    January 12, 1976. — February 17, 1976.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Evidence,* Cross-examination, Judicial discretion, Hearsay, Opinion, Witness's notes. *Practice, Criminal,* Trial of defendants together. *Error,* Whether error harmful.

A judge did not abuse his discretion in excluding a criminal defendant's questions to three prosecution witnesses designed to test their powers of observation, where counsel had earlier been permitted to ask the same or substantially the same questions as those excluded. [89]

A judge at a criminal trial properly refused to grant a severance to one of three codefendants where they were all charged with joint participation in a single series of events based on identical facts. [89]

A criminal defendant was not prejudiced by the admission of notes prepared by a police officer which were offered in evidence by a codefendant where the statements contained in the notes did not differ in any material respect from testimony previously given by the officer. [89-90]

---

[1] Gary Mitchell.

At the trial of an indictment for rape the judge did not err in excluding questions to a police detective seeking to elicit out-of-court statements of the defendant in which he denied having raped the victim. [90]

At the trial of indictments charging three defendants with rape, armed robbery, armed assault in a dwelling, and assault and battery by means of a dangerous weapon, this court declined to consider an assignment of error based on the judge's refusal to direct a verdict on the charge of assault and battery by means of a dangerous weapon where the indictments on that charge had been placed on file with the consent of the defendants. [90]

At a criminal trial, the judge did not err in allowing the victim to testify that one of the defendants, when he called a cab prior to leaving her apartment, held a laundry bag over the telephone to avoid leaving fingerprints. [90]

INDICTMENTS found and returned in the Superior Court on February 12, 1974.

The cases were tried before *Roy, J.*

*Calvin J. Wier* for Steven Nicholson.

*Henry E. Quarles, Jr.,* for Gary Mitchell.

*Frances M. Burns,* Assistant District Attorney, for the Commonwealth.

HALE, C.J.   The defendants Nicholson and Mitchell (defendants) together with one King,[2] were convicted of rape, armed robbery, armed assault in a dwelling, and assault and battery by means of a dangerous weapon after a joint trial pursuant to G. L. c. 278, §§ 33A-33G. The judge sentenced the defendants to life terms on all but the last of those convictions. The indictments for assault and battery by means of a dangerous weapon were placed on file with the consent of the defendants.

The jury heard testimony that the defendants and King forced their way into a Boston apartment occupied by a single woman. The victim testified that all three men forcibly raped her and stole several items of her property including silverware, a rug, and stereo components. The defendants took the stand and testified that they had forced their way into the apartment and stolen property

---

[2] King has not appealed.

but had not taken part in the rape. They attributed the rape to King. ·

We have considered all of the defendants' assignments of error, find them without merit, and affirm the convictions for the reasons set out below.[3]

1. Nicholson's first, third, and fourth assignments of error refer to the exclusion of questions asked during the cross-examination of the victim, a friend of the victim, and a police fingerprint expert. The defendant argues that the proposed questions were intended to test the credibility of those witnesses by testing their powers of observation. The scope of cross-examination rests largely within the discretion of the trial judge. The judge properly exercised his discretion in excluding those questions, and the defendants have failed to show any such prejudice as would justify a reversal. *Commonwealth* v. *Franklin*, 366 Mass. 284, 289 (1974). The defendants' counsel had ample opportunity to and did cross-examine the witnesses. They were permitted to ask relevant questions designed to test the witnesses' credibility which were either identical to or the substantial equivalents of the excluded questions. Similarly, Mitchell's second assignment of error concerns the exclusion of a question which had already been asked and answered.

2. The judge properly refused to grant a severance to Nicholson. The defendants were charged with joint participation in a single series of events based on identical facts. *Englehart* v. *Commonwealth*, 353 Mass. 561, 562-563, cert. den. 393 U. S. 886 (1968).

3. Mitchell, in his third assignment of error, contends that the judge improperly allowed in evidence notes prepared by a police officer who testified for the Commonwealth. After Mitchell's attorney had elicited information that the officer had made such notes and that he had last looked at them before he visited the district attorney, counsel asked the witness to produce the notes in court. The notes were produced, and counsel for King offered

---

[3] Two of Nicholson's assignments of error were expressly waived.

them in evidence. The judge admitted the notes against all three defendants, over Mitchell's objection and subject to his exception.

We assume for purposes of decision that it was error for the judge to have admitted the notes as evidence against Mitchell. We have compared the testimony of the witness, given without objection on direct examination, with the statements contained in the exhibit and find that those statements do not differ in any material respect from the testimony previously given by the witness. The evidence in the exhibit was merely cumulative and was not prejudicial. *Commonwealth* v. *McGrath,* 358 Mass. 814 (1971).

4. Mitchell's fifth assignment of error concerns the exclusion at a bench conference of questions proposed to be asked of a police detective, one Rufo, on cross-examination by Mitchell's attorney. The questions sought to elicit details of an out-of-court confession made by Mitchell in which he was said to have denied having raped the victim. The judge's ruling excluding the questions was correct. The answers would have been nothing but self-serving hearsay.

5. Nicholson's assignment of error no. 7 and Mitchell's assignment of error no. 8 attack the judge's refusal to direct a verdict on the charge of assault and battery by means of a dangerous weapon. The indictments were placed on file with the consent of the defendants, and we see no reason to consider them. See *Commonwealth* v. *Delgado,* 367 Mass. 432, 437-438 (1975). Cf. *Commonwealth* v. *Boone,* 356 Mass. 85, 89 (1969).

6. Mitchell's first assignment of error concerns the victim's testimony that Mitchell, when he called a cab prior to leaving her apartment, held a laundry bag over the telephone to avoid leaving fingerprints. The defendant argues that this testimony was opinion evidence and should not have been admitted. The judge properly allowed it as a conclusion within lay experience. See *Commonwealth* v. *DeWolfe,* 356 Mass. 719 (1969).

7. Mitchell's assignment of error no. 7 asserts that the trial judge created an aura of hostility and prejudice, this based on the contention that the trial judge's rulings were

erroneous. We have determined those rulings to be correct, and thus the assignment fails.

8. Assignments no. 4 and 6 are so wholly lacking in merit as not to warrant discussion.

*Judgments affirmed.*