Rescript Opinions.

COMMONWEALTH *vs.* FRANK N. MORMANDO. April 26, 1977. The defendant was convicted on an indictment charging him with being an accessory after the fact to the crime of murder. G. L. c. 274, § 4. He appeals pursuant to G. L. c. 278, §§ 33A-33G. 1. There was no error in the denial of the defendant's motion that certain words in the indictment ("The jurors aforesaid, upon their oath aforesaid, do further present that") not be read or shown to the jury. There is neither logic nor merit to the defendant's argument that, having heard the quoted words, the jury could have misunderstood its function or could have been misled to believe that another jury had already decided the guilt or innocence of the defendant. The statement of the clerk following the reading of the indictment ("You are sworn now to try the issues. If [the defendant is] ... guilty, you will say so. If [he is] ... not guilty, you will say so, and no more.") and the careful instructions given by the trial judge to the jury (including an instruction that "the fact that a person is charged with a crime by indictment is not even the slightest evidence of his guilt") made it perfectly clear that the trial jury bore the sole responsibility of deciding the defendant's guilt or innocence. See *Commonwealth* v. *Lucey,* 358 Mass. 800 (1970). 2. There was no error in the denial of the defendant's motion for a mistrial made after the Commonwealth asked a police officer on further redirect examination whether a murder warrant for the defendant had originally been secured. The question was never answered. Following objection, the prosecutor withdrew the question and the judge instructed the jury that it had been withdrawn. The curative instructions, to which no exception was taken, were sufficient. *Commonwealth* v. *Wheeler,* 3 Mass. App. Ct. 387, 392 (1975). See *Commonwealth* v. *Martin,* 362 Mass. 243, 245 (1972). We note also that the defendant had introduced this area of inquiry on recross-examination when he asked the officer, over the Commonwealth's objection, whether a murder warrant had been issued for an accomplice of the defendant. 3. At trial the Commonwealth introduced the greater part of a statement made by the defendant to the police which had been reduced to writing. The last two pages of the statement, in which the defendant claimed lack of knowledge that the principal felon had committed any crime, were initially omitted over the defendant's objection. Ordinarily the introduction of part of a statement by one side entitles the opponent to introduce other portions of the statement providing that they are relevant to matters at issue. Torcia, Wharton's Criminal Evidence § 162 (13th ed. 1972). See *Commonwealth* v. *Taylor,* 327 Mass. 641, 648-649 (1951); *Commonwealth* v. *Fleurant,* 2 Mass. App. Ct. 250, 256 (1974). That a portion of the statement made by the defendant may have been "self-serving" did not render it inadmissible. Contrast *Commonwealth* v. *Fatalo,* 345 Mass. 85 (1962), with *Commonwealth* v. *Nicholson,* 4 Mass. App. Ct. 87, 90 (1976). However, we are satisfied that the exclusion here was harmless error. *Commonwealth* v. *Roy,* 2 Mass. App. Ct. 14, 21 (1974). Portions of the defendant's statement which had been omitted were introduced without objection during cross-examination of the police officer who took the statement; and the defendant himself took the stand and testified in substance to the remainder. Thus, the jury had before it all of the relevant evidence contained in the excluded portion. 4. Certain questions put to the defendant on direct examination appear to have been excluded because of

form; and properly formulated questions dealing with the same subject matter were not subsequently put to the defendant by his counsel. See *Commonwealth* v. *Kennedy,* 3 Mass. App. Ct. 218, 222-223 (1975). 5. The motion for a directed verdict was correctly denied. It was for the jury to decide whether the defendant, who was in the automobile less than forty feet away during the shooting and immediately following the shooting when the principal felon was being chased down the street with gun in hand, and who drove the car to a point where he picked up the principal felon, knew that a felony had been committed. *Commonwealth* v. *Devlin,* 366 Mass. 132 (1974), on which the defendant relies, is clearly distinguishable.

*Judgment affirmed.*

*Albert L. Hutton, Jr.,* for the defendant.
*Thomas J. Mundy, Jr.,* Assistant District Attorney, for the Commonwealth.