COMMONWEALTH *vs.* GARY MITCHELL. April 9, 1980. 1. There is no merit to either of the evidentiary questions adverted to in the defendant's brief. 2. A careful study of the transcripts of the trial and of the hearing on the motion for a new trial impels the conclusion that the motion was properly denied for the reasons given by the motion judge in her comprehensive findings and rulings. We add our own observation that on this record it is entirely speculative whether trial counsel's spending more time with the defendant preparing him to testify would have improved the defendant's courtroom behavior. See *Commonwealth* v. *Sellon,* 380 Mass. 220, 227 (1980). 3. Any change in any of the rules enunciated or reiterated in such cases as *Commonwealth* v. *Rondeau,* 378 Mass. 408, 411-413, 415 (1979), *Commonwealth* v. *Daigle,* 379 Mass. 541, 544 (1980), *Commonwealth* v. *Stevens,* 379 Mass. 772, 773 (1980), and *Commonwealth* v. *Sellon,* 380 Mass. at 223, will have to be made by some other court. 4. No contention was raised below that trial counsel's failure to spend more time preparing for trial was prompted by a fear that the trial judge would refuse to allow him reasonable compensation for his services. See *Edgerly* v. *Commonwealth,* 379 Mass. 183, 185-188 (1979). We note that trial counsel has not even requested compensation for his services in representing the defendant on his first appeal to this court. See *Commonwealth* v. *Nicholson,* 4 Mass. App. Ct. 87 (1976).

*Order denying motion*
*affirmed.*

*Henry P. Sorett* for the defendant.
*Michael J. Traft,* Assistant District Attorney, for the Commonwealth.