The case was submitted on the papers filed, accompanied by a memorandum of law.

*Kevin Fennick*, pro se.

TIMOTHY JONES *vs.* COMMONWEALTH. January 17, 2012. *Supreme Judicial Court,* Superintendence of inferior courts, Appeal from order of single justice.

The petitioner, Timothy Jones, appeals from a judgment of a single justice of this court denying without prejudice his petition pursuant to G. L. c. 211, § 3. We affirm.

The petitioner was convicted of (among other offenses) armed kidnapping with sexual assault in violation of G. L. c. 265, § 26, and sentenced to from twenty-five to thirty years in the State prison. He sought review of the sentence in the Appellate Division of the Superior Court, pursuant to G. L. c. 278, § 28B, arguing that the sentence was unlawful because it exceeded the maximum term of years permitted under G. L. c. 265, § 26. The Appellate Division let the sentence stand and dismissed the appeal. In addition to seeking review of his sentence with the Appellate Division, the petitioner also filed, in the Superior Court, a motion for release from unlawful restraint, pursuant to Mass. R. Crim. P. 30 (a), as appearing in 435 Mass. 1501 (2001). In support of that motion he argued that the twenty-five to thirty year sentence for the kidnapping conviction was "wholly unlawful."[1] That motion, as well as the petitioner's motions for a new trial and for a required finding of not guilty, were denied, and the defendant has filed notices of appeal from each of the denials.[2]

Additionally, after the Appellate Division let the petitioner's sentence stand and dismissed his appeal, the petitioner filed a G. L. c. 211, § 3, petition in the county court arguing that the Appellate Division "has no authority or jurisdiction to issue or uphold" an unlawful sentence. The single justice denied the petition without prejudice. The petitioner has now filed in this court what appears to have been intended as a memorandum and appendix pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001), although he is not challenging any interlocutory ruling of the trial court. Regardless whether rule 2:21 applies, however, the petitioner has not demonstrated that he cannot otherwise obtain adequate appellate review.

In his G. L. c. 211, § 3, petition he argued that because decisions of the Appellate Division are, generally, final, see, e.g., *Commonwealth* v. *Barros,* 460 Mass. 1015 (2011), he had no other means to seek relief from its decision to uphold what he asserts is an unlawful sentence. As the single justice noted, however, the petitioner has other means by which to seek review of his claim that his sentence for the kidnapping conviction is illegal — in his direct

---

[1]The petitioner also filed a motion for a new trial and a motion for a required finding of not guilty. He argued in the latter motion that the third paragraph of G. L. c. 265, § 26, relevant to his conviction of armed kidnapping with sexual assault, is facially invalid because it provides only a minimum sentence (twenty-five years) and not a maximum sentence.

[2]The petitioner's direct appeal from the convictions has been stayed in the Appeals Court pending a decision on the motion for a new trial. Presumably the appeals from the denials of all of the petitioner's postconviction motions will be consolidated with the direct appeal after the record is assembled.

appeal and in his rule 30 (a) motion and any appeal from the denial of that motion.

In his submission to this court, the petitioner argues that the single justice misunderstood the issue. In the petitioner's view, the issues relevant to the Appellate Division's decision and the issues presented in his rule 30 (a) motion are not the same and, therefore, review of the Appellate Division's decision "cannot adequately be obtained on appeal, even via successful appeal of the [rule] 30 (a) motion." He argues that the issue relevant to the Appellate Division is whether it has the authority to uphold an unlawful sentence, whereas the rule 30 (a) motion deals with the validity of the sentence. The petitioner may frame the issue relevant to the Appellate Division as being about its "authority," but (as the single justice correctly realized) his efforts to seek review of the Appellate Division's decision and his rule 30 (a) motion both ultimately concern whether the sentence imposed by the trial judge for the kidnapping conviction was illegal, and both ultimately seek relief from that sentence. Furthermore, in an abundance of caution, the single justice took the precautionary step of denying the petitioner's G. L. c. 211, § 3, petition *without prejudice*, so that in the (very unlikely) event the petitioner is unable to obtain appellate review of his illegal sentence claim in the Appeals Court, he might renew his petition for relief pursuant to G. L. c. 211, § 3.

The single justice did not err or abuse his discretion in declining to employ the court's extraordinary superintendence power at this time, in these circumstances. His resolution of the matter was legally sound, well within his broad discretion under G. L. c. 211, § 3, and fully protects the petitioner's interests.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Victoria L. Nadel* for the plaintiff.