NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12221


PAUL CUCINELLI  vs.  COMMONWEALTH.


Supreme Judicial Court, Superintendence of inferior
     courts.  Practice, Criminal, Appellate Division, Sentence.


May 3, 2017.


Paul Cucinelli appeals from a judgment of the county court
dismissing his petition for relief under G. L. c. 211, § 3, from
a decision of the Appellate Division of the Superior Court
increasing his sentence for armed robbery.[1]  He has filed a
memorandum pursuant to S.J.C. Rule 2:21, as amended, 434 Mass.
1301 (2001), which requires a party challenging an interlocutory
ruling of the trial court to "set forth the reasons why review
of the trial court decision cannot adequately be obtained on
appeal from any final adverse judgment in the trial court or by
other available means."[2]  Rule 2:21 does not apply here, as the
decision of the Appellate Division was not an interlocutory
ruling.  See Jones v. Commonwealth, 461 Mass. 1005, 1005 (2012).
Nonetheless, it is evident on the record before us that relief
was properly denied.  Cucinelli argues that he has no right to
appeal directly to the appellate courts from the Appellate

_____

[1] The petition was the second one filed by Cucinelli to
challenge the same decision.  In his first G. L. c. 211, § 3,
petition, Cucinelli argued that he received ineffective
assistance of counsel before the Appellate Division.  A
different single justice of this court denied relief, and
Cucinelli did not appeal from that judgment.

[2] Cucinelli has not filed an appendix as required by the
rule, despite being granted an extension of time in which to do
so.  This presents a further reason not to disturb the decision
of the single justice.

Division's decision.  That is correct.  G. L. c. 278, § 28B (decision of Appellate Division "shall be final").  That, however, does not mean that he is entitled to review under G. L. c. 211, § 3.  "Rarely should we employ our superintendence power to review rulings in matters in which the Legislature has expressly stated that the decision of another court or judge 'shall be final.'" Commonwealth v. Barros, 460 Mass. 1015, 1015 (2011), quoting Hurley v. Superior Court Dep't of the Trial Court, 424 Mass. 1008, 1009 (1997).  The single justice neither erred nor abused her discretion by denying relief.[3]

Judgment affirmed.

The case was submitted on the papers filed, accompanied by a memorandum of law.

Paul Cucinelli, pro se.

---

[3] To the extent that Cucinelli may be claiming that the new sentence ordered by the Appellate Division is illegal, he would have an adequate alternative means of obtaining review of his sentence.  Under Mass. R. Crim. P. 30 (a), as appearing in 435 Mass. 1501 (2001), Cucinelli "may at any time, as of right, file a written motion requesting the trial judge to release him . . . or to correct the sentence then being served upon the ground that the confinement or restraint was imposed in violation of the Constitution or laws of the United States or of the Commonwealth of Massachusetts."  If such a motion is denied, Cucinelli will have the right to appeal to the Appeals Court from the denial.  Cucinelli offers no reason why this would not be an adequate alternative remedy.