NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-12300


G. SAIF SABREE[1] vs.  COMMONWEALTH.


March 5, 2018.


Supreme Judicial Court, Superintendence of inferior courts.
    Practice, Criminal, Sentence.


     G. Saif Sabree appeals from the judgment of a single
justice of this court, pursuant to G. L. c. 211, § 3, denying
him relief from State prison sentences that he claims were
illegal.  We affirm.

     The procedural history of Sabree's case is extensive, and
our summary is abbreviated.  On February 12, 1974, he was
indicted on charges of rape, armed robbery, and armed assault in
a dwelling.  See Commonwealth v. Nicholson, 4 Mass. App. Ct. 87,
88 (1976).  After a jury trial, he was convicted on all counts
and sentenced to a life term for each offense, with the sentence
for armed assault to run concurrently with the sentence for
armed robbery, and the sentence for rape to run from and after
the armed robbery sentence.[2]  For reasons that are not part of
the record before us, the Appellate Division of the Superior
Court reordered and amended the sentences by reducing the
sentences for armed assault and armed robbery to concurrent
terms of from six to ten years, and ordering that they take
effect from and after the life sentence for rape.  The Appeals

_____

     [1] Also known as Gary Mitchell.  See Sabree v. Commonwealth,
432 Mass. 1003, 1003 n.1 (2000).

     [2] The petitioner also was indicted for and convicted of
assault by means of a dangerous weapon.  After trial, that
indictment was placed on file with the petitioner's consent.
Commonwealth v. Nicholson, 4 Mass. App. Ct. 87, 88 (1976).

Court affirmed the convictions, see Nicholson, supra, as well as several subsequent orders denying his various motions for a new trial. See Commonwealth v. Sabree, 73 Mass. App. Ct. 1105 (2008); Commonwealth v. Mitchell, 17 Mass. App. Ct. 1112 (1984); Commonwealth v. Mitchell, 9 Mass. App. Ct. 892 (1980). Sabree also filed a petition pursuant to G. L. c. 211, § 3, which sought an order compelling the Superior Court to act on a pending motion. That was denied because he failed to create a record to support his allegations. See Sabree v. Commonwealth, 432 Mass. 1003, 1003 (2000).

In 2015, Sabree filed a motion in the Superior Court seeking substantially the same relief that he requested in the G. L. c. 211, § 3, petition now before us: release from alleged unlawful restraint or correction of the sentences now being served, pursuant to Mass. R. Crim. P. 30 (a), as appearing in 435 Mass. 1501 (2001). He also sought an evidentiary hearing and other relief. Although there is some indication that the motions were denied, the judge's orders have not been entered on the docket. The Superior Court's docket indicates that the proceedings have been stayed pending the filing and disposition of the G. L. c. 211, § 3, petition.

A petitioner seeking relief under G. L. c. 211, § 3, bears the burden of demonstrating the absence of "other routes by which [he] may adequately seek relief." Sabree v. Commonwealth, 432 Mass. at 1003. A petitioner must also create a record to substantiate his allegations. Id. at 1004. Sabree failed in both respects. The single justice therefore correctly denied the petition. See Commonwealth v. Samuels, 456 Mass. 1025, 1027 n.1 (2010).

The single justice properly denied relief because "the petitioner has [or had] other means by which to seek review of his claim that his sentence . . . is illegal -- in his direct appeal and in his rule 30 (a) motion and any appeal from the denial of that motion." Commonwealth v. Jones, 461 Mass. 1005, 1005-1006 (2012). See Cucinelli v. Commonwealth, 477 Mass. 1004, 1004 (2017). As for his claim that his trial or appellate counsel were ineffective in failing to press issues concerning the alleged illegality of the sentences imposed by the Superior Court, or the Appellate Division's authority or jurisdiction to restructure and amend the sentences, he could have raised that claim in a postconviction motion pursuant to Mass. R. Crim. P. 30 (b), and an appeal from any adverse ruling. He also failed to provide a record sufficient to evaluate his claims: notably absent, for example, is any indication of what materials were

before the Appellate Division in 1974.  See <u>Gorod</u> v. <u>Tabachnick</u>, 428 Mass. 1001, 1001, cert. denied, 525 U.S. 1003 (1998).

<u>Judgment affirmed</u>.

<u>G. Saif Sabree</u>, pro se.
<u>Sarah Montgomery Lewis</u>, Assistant District Attorney, for the Commonwealth.